(125 N. W. 1027.)

---

NORTHERN STATE BANK OF GRAND FORKS, A CORPORATION, v.
JAMES BELLAMY, SR.

Opinion filed March 21, 1910.

Rehearing denied April 14, 1910.

**Bills and Notes — Contract and Liability of Guarantor.**

1. The contract of one who indorses a promissory note in the words, "For value received, I hereby guarantee the payment of the within note and hereby waive presentment, demand, protest and notice of protest," and who receives no consideration or benefit from the loan

made to the principal debtor upon the execution of said note, is that of guarantor of payment, and his liability must be measured by the settled rules applicable to that relation.

**Bills and Notes — Guaranty — Effect of Extension — Construction of Negotiable Instrument Act.**

2. Under the law in force prior to the enactment of chapter 113, Laws 1899, relating to negotiable instruments, an extension of time of payment made by the holder of a promissory note to the principal debtor for a valuable consideration and without the knowledge or consent of a guarantor of said note, operated to release the guarantor from liability. This principle is still in force, unless it is changed by the adoption, as part of the law of 1899, of section 6422, Rev. Codes 1905, providing the terms upon which a person secondarily liable upon a negotiable instrument is discharged.

**Guaranty — Guaranty of Payment of Bill or Note — Person Secondarily Liable.**

3. The liability of a guarantor of payment is predicated wholly upon the term of his contract of guaranty, which is separate and distinct from the terms of the instrument on which it is indorsed. He is not a joint contractor with the principal debtor, and does not agree to make the debt his own, but only to answer for the consequences of his principal's default. His contract, while it may result in requiring him to pay the note, is secondary, within the meaning of section 6494, Rev. Codes 1905.

**Bills and Notes — Guarantor — Words and Phrases — "Primarily Liable" — "Secondarily Liable."**

4. The terms "primarily liable," and "secondarily liable," as used in section 6494, Rev. Codes 1905, have reference to the remedy provided by law for enforcing the obligation of one signing a negotiable instrument, rather than to the character and limits of the obligation itself. The remedy against a guarantor, depending as it does upon his separate contract of guaranty, and not upon the terms of the instrument, is not primary and direct, but collateral and secondary.

**Bills and Notes — Guaranty — Extension of Time of Payment — Release of Guarantor — Statutory Construction.**

5. A guarantor of payment of a negotiable instrument, not being by the terms of the instrument absolutely required to pay the same, is secondarily liable thereon; and an extension of time to the principal debtor without his consent operates, under section 6422, Rev. Codes 1905, as under the law formerly in force, to release him from liability.

Appeal from District Court, Grand Forks county; *Templeton*, J.

Action by the Northern State Bank of Grand Forks against James Bellamy, Sr. Judgment for plaintiff, and defendant appeals.

Reversed, and action dismissed.

*Hawver & Warmer* and *Guy C. H. Corliss,* for appellant.

*Scott Rex,* for respondent.

ELLSWORTH, J. The record on appeal in this case consists of the judgment roll alone, and from the finding of fact made by the trial court it appears that on February 17, 1906, the Drayton Milling Company, a corporation, made and delivered to the plaintiff its promissory note for $6,000, which note was indorsed as follows: "Pay Northern State Bank, Grand Forks, N. D., or order. For value received, I hereby guarantee the payment of the within note and hereby waive presentment, demand, protest and notice of protest." This writing upon the back of the note was signed by the defendant and appellant, Bellamy, and several others. The sum of $2,000 and interest on this note to April 1, 1907, was paid by the maker. On October 24, 1906, and again on December 17, 1906, plaintiff, without the knowledge or consent of appellant, Bellamy, for a valuable consideration, entered into an agreement with the defendant Drayton Milling Company, by the terms of which it was agreed that the payment of the note should be extended for a period, in each case, of ninety days. At the expiration of the extended time, Drayton Milling Company, the maker of the note, being in default of the balance due upon it, suit was commenced against it and the parties signing the guaranty on the back of the note. Appellant answered in this suit, setting out facts substantially as hereinbefore narrated and claimed as a defense to the action that by the extension of time of payment made to Drayton Milling Company, the principal debtor, he was released from liability upon his guaranty. The trial court held that appellant was in law a surety, and as such primarily liable upon the note sued upon, and was therefore not released from liability by the extension of time allowed Drayton Milling Company. The only question presented for determination upon this appeal is the correctness of this holding.

The trial court found that appellant received no part of the consideration for the loan made by plaintiff to Drayton Milling Company, nor was the loan for his benefit; that he was not the principal debtor in said loan, or in any manner liable upon the note except by signing the agreement upon the back, the wording of which is above set out. His liability was, therefore, in no manner distinguishable from that of an absolute guarantor of payment,

and must be measured by settled rules applicable to that relation.

Under the law in reference to negotiable instruments in force prior to the year 1899, it is conceded by counsel for respondent that the act of plaintiff in extending the time of payment to the principal debtor without the knowledge or consent of appellant exonerated him from liability. Section 6092, Revised Codes 1905; Foster County State Bank v. Hester, 119 N. W. 1044. In 1899 a new law upon the subject of negotiable instruments was enacted by the legislature, which, as respondent contends, contains certain provisions that alter and superseded the rules in force prior to that time governing the relator of guarantor. Section 6422, Rev. Codes 1905, which is a part of this new enactment, is as follows: "A person secondarily liable upon the instrument is discharged: * * * By any agreement binding upon the holder to extend the time of payment, or to postpone the holder's right to enforce the instrument, unless made with the assent of the party secondarily liable, or unless the right of recourse against such party is expressly reserved." As this section provides in express terms the means by which a party may be released from the obligation of a negotiable instrument, its provision must be regarded as precluding such relief to all parties not within the class described. The term "secondarily liable" is defined by section 6494, also a part of the new law, in these words: "The person primarily liable on an instrument is the person who by the terms of the instrument is absolutely required to pay the same. All other parties are secondarily liable." It seems clear that, if by the adoption of the new law a guarantor of payment can be said to be included in the class of parties primarily liable on the instrument, appellant would not be released from his obligation by the extension of time given to Drayton Milling Company as such act now operates to release only those secondarily liable. The question of appellant's liability, therefore, depends wholly upon the construction to be given the section defining the term "person primarily liable." The theory of the trial court seems to have been that the liability of appellant was in law co-extensive with that of a surety upon the note; that a surety being, by the terms of the instrument, absolutely required to pay the same, is primarily liable thereon and is not released by an extension of time granted to the maker without his consent; and that, the

liability being the same, a guarantor and surety might be proceeded against under the same rule.

That a surety under a law of negotiable instruments uniform with that of our state is primarily liable has been held by several recent cases. Vanderford v. Farmers,' etc., Nat. Bank, 105 Md. 164, 66 Atl. 47, 10 L. R. A. (N. S.) 129; Rouse v. Wooten, 140 N. C. 557, 53 S. E. 430, 111 Am. St. Rep. 875; Cellers v. Meachem, 39 Or. 186, 89 Pac. 426, 10 L. R. A. (N. S.) 133. Whether or not such rule of procedure shall apply in this state is not necessary to a decision of this appeal  Neither is it necessary that we decide whether or not the ultimate liability of a guarantor under our present law differs in a substantial degree from that of a surety. The question whether or not a guarantor is a person primarily liable within the meaning of the definition of section 6494, Rev. Codes 1905, is, as we view it, dependent upon other considerations.

The nature and character of the contract of guaranty is an important factor in the determination of this point. "Guaranty is an undertaking by one person that another shall perform his contract or fulfill his obligation, and that in case he does not do so the guarantor will do it for him. A guarantor of a bill or note is one who engages that the note shall be paid." The "contract of guaranty" is broadly and clearly distinguished from that of suretyship. "A contract of suretyship is a contract by which the surety becomes bound as the principal or original debtor is bound. It is a primary obligation, and the creditor is not required to proceed first against the principal before he can recover from the surety. The surety is bound with his principal as an original promisor, that is, he is a debtor from the beginning and must see that the debt is paid and is held ordinarily to know every default of his principal, and cannot protect himself by the mere indulgence of the creditor, nor by want of notice of the default of the principal, however such indulgence or want of notice may, in fact, injure him. Being bound with the principal, his obligation to pay is equally absolute. On the other hand, the contract of a guarantor is his own separate contract; it is in the nature of a warranty by him that the thing guaranteed to be done by the principal shall be done, and is not merely an engagement jointly with the principal to do the thing. A guarantor, not being a joint contractor with his principal, is not bound to do what the principal has con-

tracted to do, like a surety, but only to answer for the consequences of the default of the principal. The guarantor has to answer for the consequences of his principal's default. A surety is an insurer of the debt. A guarantor is an insurer of the solvency of the debtor. A surety may be sued as promisor, but a guarantor cannot." Ogden, Negotiable Instruments, section 220.

With these considerations in mind, it is apparent that while, in its ultimate results, the liability of a guarantor may be as absolute as that of a surety, the nature of his contract and the procedure necessary to hold him are very different. Authorities all agree that a contract of guaranty is entirely separate from that contained in the negotiable instrument to which it is appended, and that the remedy of the holder of the note against a guarantor must be pursued as a distinct cause of action. Ogden, Negotiable Instruments, section 220. By express provision of our Code persons liable severally for the same debt or demand, although upon 'different obligation or instruments, may, at the option of the plaintiff, be included as parties to the same action. Section 6819, Rev. Codes 1905. In the absence of this provision, a guarantor must be proceeded against in a separate action. The fact that his contract is indorsed upon the negotiable instrument by which he is bound does not in the least alter the character of his obligation. "The engagement or contract of guaranty may be and often is written on the back of the note or bill, but it may as well, so far as the guaranty is concerned, be written on a separate piece of paper." 2 Parson's Notes & Bills, 119. "The contract of a guarantor is his own separate contract. It is in the nature of a warranty by him that the thing guaranteed to be done by the pricipal shall be done, and not merely an engagement jointly with the principal to do the thing. The surety's promise is to pay a debt which becomes his own debt when the principal fails to pay it. But the guarantor's promise is always to pay the debt of another." Coleman v. Fuller, 105 N. C. 328, 11 S. E. 175, 8 L. R. A. 380; Rouse v. Wooten, 140 N. C. 557, 53 S. E. 430, 111 Am. St. Rep. 875. A liability such as this, although it may result in requiring a guarantor to pay the note, is not predicated upon "the terms of the instrument," but upon a contract entirely separate and distinct.

The terms "primary and secondary," when they apply to the parties to an obligation, "refer to the remedy provided by law for

enforcing the obligation, rather than to the character and limits of the obligation itself." Kilton v. Prov. Tool Co., 22 R. I. 605, 48 Atl. 1039. Therefore, however closely analogous may be the ultimate liability upon the instrument of surety and guarantor, the clear distinction in the character of their respective contracts, and the procedure by which their obligations must be enforced, operates to place these parties in different classes of the persons liable as defined by the new law of negotiable instruments. The purpose in making a classification not provided by the former law would seem to be to strengthen the credit of negotiable paper by protecting the holder against a claim that persons directly and absolutely liable by the terms of the instrument had in fact signed, not as joint makers, but in some other capacity. As the law now stands, these questions of primary and secondary liability are to be resolved only upon the face of the instrument. All persons by its terms absolutely required to pay the same may be held as primarily liable; all others, secondarily. When a party on signing clearly indicates upon the instrument the capacity in which he is willing to be bound, the holder in accepting it cannot misapprehend its true quality, for he then knows that the party may be held in that capacity and no other. Appellant signed as guarantor, and, as in that capacity he was secondarily liable upon the instrument, he was released, as under the former law, by an extension of time to the principal debtor without his assent. As affecting him the principle governing the relation of holder and guarantor under the former law is unchanged.

The judgment of the district court against the defendant, Bellamy, is reversed, and it is directed to dismiss the action as to him. All concur.

SPALDING, J. I concur in the result, but cannot assent to all that is said in the opinion.