McKINNEY, Respondent v. PETERS et al (PETERS, Appellant)

(170 N. W. 132).

(File No. 4383.    Opinion filed December 31, 1918.    Rehearing withdrawn.)

**Negotiable Instruments—Mortgage of Accommodation Signer's Property—Consideration—Negotiable Instruments Act.**

In a suit to foreclose a mortgage executed by a wife and her husband upon her realty, as additional security in connection with her accommodation signing of the note after it had been uttered, **held**, construing Negotiable Instruments Act, being Laws 1913, Ch. 279, Sec. 29, providing that an accommodation

party is one who has signed the instrument as maker, etc., without receiving value therefor and for purpose of lending his name to some other person, which person is liable on the instrument to a holder for value, notwithstanding the holder at time of taking the instrument knew such signer to be only an accommodation party; and Sec. 26, providing that where value has at any time been given for the instrument, holder is deemed one holding for value in respect to all parties who became such prior to that time; that such holder is a holder for value, and such signer, although having signed without receiving value therefor, signed for purpose of lending her name to the principal maker; and her mortgaged realty is holden under her said obligation.

Appeal from Circuit Court, Clark County. HON. WILLIAM N. SKINNER, Judge.

Action by C. E. McKinney, against Henry Peters and Luella W. Peters, to foreclose a realty mortgage. From a judgment for plaintiff, and from an order denying a new trial, the last-named defendant appeals. Affirmed.

*Alfred A. Appling,* and *E. R. Winans,* for Appellant.

*Bailey & Voorhees,* for Respondent.

Appellant cited:

7 Cyc. 692; 3 R. C. L. p. 928; Laws 1913; Ch. 279, Sec. 56; Rev. Civ. Code, Sec. 2452.

GATES, J. A concern known as the Dakota Kerosene Gas Company sought to negotiate to plaintiff an unmatured promissory note for $5,000, payable to it executed by defendant Henry Peters. Upon investigation of the financial standing of said defendant, plaintiff declined to purchase the note, but offered to purchase it if defendant Luella W. Peters would sign the note and if she and her husband, her codefendant, would secure it by mortgage upon real estate owned by her. The terms of such offer were complied with, and plaintiff purchased the note, paying $4,800 therefor. This action was begun to foreclose the mortgage. The defendants answered separately. Trial was had before a referee, whose findings and conclusions were favorable to plaintiff and which were adopted by the trial court. From the judgment and an order denying a new trial, the defendant Luella W. Peters appeals.

The sole contention of appellant is that she and her mortgaged property are not liable to plaintiff because there was no considera-

tion moving to her for signing the note; it having been signed by her at a time after it had been uttered, relying upon the rule announced in 7 Cyc. 692; 3 R. C. L. 928.

As was said by Judge Bruce in First Nat. Bk. v. Meyer, 30 N. D. 388, 152 N. W. 657:

"We are not here construing the common law or the law merchant, but the provisions of the Negotiable Instruments Act."

That act, sections 29 and 26, c. 279, Laws 1913, provides:

"Sec. 29. An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

"Sec. 26. Where value has at any time been given for the instrument, the holder is deemed a holder for value in respect to all parties who became such prior to that time."

Clearly respondent is a holder for value, and just as clearly appellant signed the note without receiving value therefor; but she did sign it "for the purpose of lending his [her] name to some other person," viz, the Dakota Kerosene Gas Company, and she did sign it prior to the time that respondent became the holder thereof. To hold that since the adoption of the Negotiable Instruments Act the rule invoked by appellant may be applied would be to violate the plain and obvious meaning of the clause "in respect to all parties who became such prior to that time." Appellant therefore cannot be permitted to defend upon the ground that there was no consideration moving to her.

The judgment and order appealed from are affirmed.