CORNELL, Appellant, v. JOHNSON, et al, Respondents.

(241 N. W. 740.)

(File No. 7240. Opinion filed March 29, 1932.)

*Mats & Wipf,* of Huron, and *Theo. H. J. Studt,* of Highmore, for Appellant.

*James Byrnes,* of Huron, for Respondents.

ROBERTS, J. This action was instituted by the plaintiff to recover from the defendants the amount of a promissory note. The defendants interposed separate answers. After a jury had been sworn to try the case and before the taking of testimony, defendant

Christensen moved to amend his answer. In the proposed amendment, he alleged that, if he signed the note, it was not signed by him at the time the note was executed and delivered to the plaintiff by his codefendant, Vernon Johnson, but that it was signed by him six or seven months after the note had been executed and delivered by defendant Johnson to the plaintiff and after Johnson had received consideration for the note, and that no new consideration of any kind or change in the obligation was made at the time defendant Christensen signed the note, if the same was ever signed by him. Plaintiff objected to the amendment for the reason that it presented new issues, and that plaintiff was deprived of an opportunity to have witnesses present who testify relative to the facts material under the issues that would be presented by the proposed amendment.

The plaintiff and defendants moved for a directed verdict at the close of all the testimony. The court dismissed the jury, took the matter under advisement, and subsequently entered findings of fact and conclusions of law. The court found that the defendant Johnson executed the note in question for the sum of $1,400 upon the first day of January, 1922, and that the same was thereupon delivered to the payee; that the note was not signed by Christensen at the time of its execution and delivery by defendant Johnson; that during the month of July, 1922, the manager of the lumber company requested Johnson to secure the signature of Christensen; that at the time the note was signed by Christensen there was no consideration of any kind given by the Farmers' Lumber Company to either of the defendants. Judgment was entered against defendant Johnson for the amount of the note, together with interest and costs, and dismissing the action as to the other defendant. Plaintiff appeals from an order denying his motion for a new trial and from the part of the judgment dismissing the action as to the defendant Christensen.

The first assignment of error is that the court erred in permitting defendant Christensen to amend his answer for the reason that the amendment presented additional issues upon which plaintiff was unprepared to proceed to trial. The subject of amendments to pleadings is very largely within the sound judicial discretion of the trial court, and, unless there has been a manifest abuse of discretion, the ruling of the trial court will not be dis-

turbed upon appeal. Hardman v. Kelley, 19 S. D. 608, 104 N. W. 272; Edwards v. Chi., M. & St. P. R. Co., 21 S. D. 504, 110 N. W. 832. Greater liberality is permitted in allowing a defendant to amend his answer than is permitted a plaintiff to amend his complaint. Murphy v. Plankinton Bank, 18 S. D. 317, 100 N. W. 614. It does not appear that prejudice resulted from the ruling or that the plaintiff was placed in a position where it may be said that he was deprived of a fair trial. The showing does not substantiate such a contention. If the plaintiff was confronted with an issue upon which he was unprepared, he had the right to move for a continuance upon that ground. Conceding, without deciding, that the amendment to the answer presented defenses not in issue under the general denial, we are of the view that plaintiff, having made no motion for continuance, is in no position to complain of the court's ruling.

 Plaintiff contends that Christensen became primarily liable upon the note, and relies upon the provisions of section 1893, Rev. Code 1919. The terms "primarily liable" and "secondarily liable," as used in this seciion, "refer to the remedy provided by law for enforcing the obligation, rather than to the character and limits of the obligation itself." Northern State Bank v. Bellamy, 19 N. D. 509, 125 N. W. 888, 890, 31 L. R. A. (N. S.) 149. Upon the face of the note, Christensen was primarily liable. The statute makes an accommodation party liable in the capacity in which he appears upon the instrument whether as maker or indorser. However, the procedure by which the alleged obligation is attempted to be enforced is not here in question.

Sections 1733 and 1730, Rev. Code 1919, provide:

"§ 1733. Accommodation Party. An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

"§ 1730. Value for Consideration. Where value has at any time been given for the instrument, the holder is deemed a holder for value in respect to all parties who became such prior to that time."

If the note had been negotiated for value after it had been signed by Christensen, he would have been liable under these statutory provisions, although the holder for value had knowledge that he was only an accommodation party. McKinney v. Peters et al, 41 S. D. 285, 170 N. W. 132; Altfillisch v. McCarty, 49 S. D. 203, 207 N. W. 67, 48 A. L. R. 1270.

■ Defendant Christensen signed the note after its execution by Johnson and its acceptance by the plaintiff. No new consideration moved from the plaintiff, and, so far as it appears from the evidence, the note was not accepted upon an agreement or representation of Johnson that he would procure the signature of Christensen. The plaintiff did not become a holder for value after Christenson became a party to the note, and cannot enforce payment against such accommodation party.

■ The appellant contends that the trial court should have granted motion for new trial for reasons urged in the preceding assignments and on the ground of newly discovered evidence. Under the pleadings, the time of the signing and delivery of the note by Christensen was material. F. E. Matz in his affidavit in support of the motion for new trial states that one C. A. Zimmerman was formerly manager of the Farmers' Lumber Company of Highmore, and that he is the only person known to the affiant who knows the facts relating to the signing of the note; that the residence of Zimmerman was not known to the affiant until after the trial, and that only by chance did he locate the said Zimmerman at Napoleon, N. D.; that the firm of Matz & Wipf has been in correspondence with Zimmerman, "and from what affiant and his associates are able to gather," Zimmerman would testify that, after the account of Vernon Johnson with the Farmers' Lumber Company of Highmore was past due, and after he as manager had insisted upon payment, Johnson requested additional time and agreed to give his not for the amount of his indebtedness signed by himself and his father-in-law, defendant Christensen, and that the note was not delivered to the lumber company until it had been signed by both Johnson and Christensen. The contents of this affidavit are reiterated in the affidavit of William Wipf. Appellant did not present the affidavit of Zimmerman whose testimony he considered material in support of his motion for new trial, and no reason is given for his failure to submit such an affidavit. The

attorneys for the plaintiff in their affidavits state that they believe that Zimmerman would testify to the facts set forth. Their conclusions are based upon the correspondence with Zimmerman. The letters received from Zimmerman are not in the record. A motion for new trial based upon the ground of newly discovered evidence is addressed to the sound judicial discretion of the trial court, and in the absence of abuse thereof its decision will be sustained on appeal. The showing is too meager and uncertain to jusitfy this court in holding that there was an abuse of discretion in the denial of the motion for new trial.

Finding no error in the record, the judgment and order appealed from are affirmed.

CAMPBELL, P. J., and POLLEY, WARREN, and RUDOLPH, JJ., concur.