## HOFFMAN et al. v. BABBITT BROS. TRADING CO.

No. 12963.

United States Court of Appeals, Ninth Circuit.

March 5, 1953.
As Amended April 29, 1953.

Marks & Marks, Phoenix, Ariz., for appellants.

Francis J. Ryley, George Read Carlock and Joseph P. Ralston, Phoenix, Ariz., for appellee.

Before STEPHENS, ORR and POPE, Circuit Judges.

STEPHENS, Circuit Judge.

The Hoffmans, husband and wife, filed a complaint for damages against Babbitt Brothers Trading Company, a corporation. Babbitt filed a motion to dismiss the complaint, claiming the complaint "fails to state a claim for relief against the defendant", which motion the court denied, and Babbitt's answer followed, putting the basis for the action in issue. Thereafter Babbitt filed a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., and the court granted it. The Hoffmans appeal.

Briefly, according to the complaint, the Hoffmans, or Mrs. Hoffman, carried a checking account with an Arizona bank. There existed a dispute between Hoffmans and the Capital Feed & Seed Co. of Phoenix, Arizona, as to a claimed sum owing to the latter by the Hoffmans. Without Hoffmans' knowledge, Capital Co. drew on the bank and the bank, without authorization, honored the draft. Subsequently the Hoffmans purchased merchandise from Babbitt and gave two checks in payment. The checks were dishonored for lack of funds.

Thereupon, an officer of Babbitt's sought and obtained a criminal complaint in Arizona in two counts against Mrs. Hoffman for writing checks on a bank without sufficient sums therein to meet them. Since Mrs. Hoffman had moved to Indiana, an Indiana sheriff was notified of the complaint; and he arrested her and took her to jail. She was released two days later after a hearing before a magistrate.

In her complaint Mrs. Hoffman further alleges that an Arizona county officer was dispatched to Indiana with papers for her extradition. The Arizona officer approached Mrs. Hoffman and demanded the sum of the two checks and expense money. She met the demand, and in return received a writ-

ten agreement to have the Arizona criminal complaint dismissed. The Arizona officer, it is alleged, was the agent of Babbitt's, and the "issuance of said criminal complaints and process thereof was a wilful abuse thereof, and was done to compel payment of an alleged debt and not for the purpose of enforcing the criminal laws of Arizona," and Mrs. Hoffman was damaged thereby.

The motion for summary judgment is based upon three affidavits and the pleadings:

Paul Babbitt, as affiant, says that he is an officer of the Babbitt Brothers Trading Company; that the Hoffman checks were received, banked, and returned unpaid; "it was learned that said Clayma Hoffman had left the State of Arizona; that an agent of the Babbitt Brothers Trading Company did appear before the Justice of the Peace * * * with such checks and stated these facts * * *", that thereupon the Justice of the Peace "prepared criminal complaints and requested the agent * * * to execute such complaints;" that Babbitt had nothing further to do with the matter, but it did receive the sum of the checks; that it did not ratify anything the county officers did.

Neil Christensen, as affiant, says he is county attorney; that as such he prepared a request for Clayma [Mrs.] Hoffman's extradition; that K. M. Quinn, a deputy sheriff of the county, was directed officially to proceed to Indiana and bring Clayma Hoffman back according to law; that Babbitt had nothing to do with the proceedings.

K. M. Quinn, as affiant, says that he was officially instructed as is related in the county attorney's affidavit; that he received the payments of money for the checks from Clayma Hoffman and one hundred dollars from her for legal expenses incurred by the county; that at no time did Babbitt Brothers Trading Company or anyone for it "control, direct, or supervise, or in any manner influence his acts".

We think these affidavits did not entitle Babbitt Brothers Trading Company to summary judgment. Rule 56 of Federal Rules of Civil Procedure provides:

"(c) The motion [for summary judgment] shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *."

It will be remembered that the court had held that a cause for relief had been stated. Now we quote from our opinion in Lane Bryant, Inc., v. Maternity Lane Ltd. of Cal., 9 Cir., 1949, 173 F.2d 559, 564: "We come to the question: Can the judgment be affirmed as one in a summary proceeding? We have already held that a cause of action has been stated by the complaint. The affidavits upon their broadest application do no more than to present to the trier of fact evidence upon material issues. They do not absolve the issues as matters of law. Therefore, the judgment cannot validly be based upon the summary trial by affidavits. The plaintiff-appellant is entitled to have its complaint responded to by answer and both parties are entitled to have the issues tried through the introduction of exhibits and witnesses produced for direct and cross examination." This is a statement of the general law and we know of no deviation from it. In giving these principles effect, we find the United States Supreme Court in Associated Press v. United States, 1945, 326 U.S. 1, 6, 65 S.Ct. 1416, 1418, 89 L.Ed. 2013, saying: "* * * We agree that Rule 56 should be cautiously invoked to the end that parties may always be afforded a trial where there is a bona fide dispute of facts between them. * * *" We add further authorities in the margin.[1]

1. Barron and Holtzoff, **Federal Practice and Procedure**, Rules Edition, Vol. 3, § 1231: "* * * The summary judgment procedure is not a substitute for the trial of disputed issues of fact. On a motion for summary judgment the court cannot

There is a very strong and genuine issue as to material facts left in the case when the complaint is laid beside the answer and the affidavits. The ex parte statements of the officer of Babbitt's, and the county officials, even in affidavit form, do not foreclose other evidence being brought forth in the trial as to just what part Babbitt had in the matter.

█ The Hoffmans were under no duty of submitting their evidence to the court upon affidavits, and the affidavits were not conclusive as to the facts stated therein. It may well be that evidence which the Hoffmans would produce before the judge and jury (a · jury had been demanded) would justify the denial of a motion for non-suit. In such case the affiants would probably be called to the stand for examination and cross-examination. We think the summary judgment must be set aside for the reasons given. There is in the case an issue of ratification, but we make no expression thereon.

We are, of course, aware of the case of Dyer v. MacDougall, 2 Cir., 201 F.2d 265. There the action was for slander and it was charged that the defamatory remarks were spoken by the defendant to the named person. The court concluded that no case could be made since, as it reasoned, the only possible witnesses to the alleged defamatory remarks would be the defendant and the person to whom they were made; each of whom had presented an affidavit denying the utterance of the remarks. We are not called upon to express an opinion as to this conclusion. The court regarded the circumstances as unusual and extraordinary. We have no such unusual and extraordinary circumstances in our case.

When the instant case comes to trial, evidence may be produced which would put an entirely different light upon what happened: as for instance, another officer of Babbitt's may have played a part in the transaction and would tell about it on the witness stand.

Reversed.

---

try issues of fact. It can only determine whether there are issues to be tried. The procedure is well adapted to expose sham claims and defenses but cannot be used to deprive a litigant of a proper trial of genuine issues of fact. Summary judgment is not proper where the facts are uncertain. It cannot be used to determine questions of fact without an adequate and proper hearing. Rule 56 is not merely directory but affects the substantial rights of the litigants and since it provides a somewhat drastic remedy it must be used with a due regard for its purposes, and a cautious observance of its requirements in order that no person will be deprived of a trial of disputed factual issues. * * *."

In **Ohlinger's Federal Practice**, Rev. Ed., Vol. 3–A, the subject is treated thoroughly, with history, at page 297 et seq.