Hank ALBERS, Plaintiff-Appellee,

v.

NoDAK RACING CLUB, INC., Defendant-Appellant.

Civ. No. 9315.

Supreme Court of North Dakota.

July 27, 1977.

Anderson, Tossett & Berning, Minot, for defendant and appellant; Collin P. Dobrovolny, Minot, filed briefs but made no oral argument.

Pringle & Herigstad, Minot, for plaintiff and appellee; Richard P. Olson, Minot, filed briefs but made no oral argument.

SAND, Justice.

The NoDak Racing Club (hereinafter NoDak) appealed from a summary judgment in favor of Hank Albers and against NoDak issued by the Ward County Court with Increased Jurisdiction.

The procedural steps leading up to the summary judgment, as are pertinent to the issue under consideration, are as follows:

An amended complaint by Albers, plaintiff-appellee, was served upon NoDak Racing Club, defendant-appellant, demanding an equitable share of the revenues derived from car races of the sprint car division. NoDak timely answered the complaint and demanded a trial by jury. Shortly thereafter Albers filed a note of issue dated 17 September 1976 stating, among other things, that a jury trial had been demanded. Interrogatories dated 20 September 1976 by Hank Albers were served upon NoDak. The deposition of Hank Albers was taken on 10 November 1976. NoDak, by written motion dated 22 December 1976 moved to dismiss the action and complaint for failure to state grounds upon which relief may be granted under Rule 12(b)(5), North Dakota Rules of Civil Procedure, or for a more definite statement pursuant to Rule 12(e),

NDRCivP. The notice of motion to dismiss stated that it would be based upon the notice, the pleadings, records and file herein and other oral or documentary evidence. Hank Albers responded to the motion to dismiss in writing, dated 27 December 1976, and by motion dated 27 December 1976 moved for summary judgment. He also filed a brief dated 27 December 1976 entitled "Brief in Response to Motion to Dismiss and in Support of Motion for Summary Judgment." On 28 October 1976 NoDak answered Albers' interrogatories and on the same day served them upon Albers. The motion for summary judgment came on for hearing 28 December 1976, and on 5 January 1977 the court issued its findings of fact, conclusions of law and order for summary judgment. The summary judgment pursuant to such order was issued on 5 January 1977, from which NoDak appealed.

In the paragraph preceding the findings of fact, the court stated that it "read the deposition of the Plaintiff [Hank Albers] and [answer to] Interrogatories requested by the Plaintiff [Hank Albers]" and heard the arguments of the attorneys for both parties.

We encounter some difficulty here whether or not the summary judgment was granted upon the motion for summary judgment made by Hank Albers, dated 27 December 1976, or if the summary judgment resulted from the motion to dismiss made by NoDak dated 22 December 1976 but treated as a summary judgment as provided for or permitted under Rule 12(b), NDRCivP, on the ground that the notice to dismiss contained a statement that it would be based upon the notice, pleadings, records and file and other oral or documentary evidence. The matter is further complicated because the summary judgment was granted after a pretrial conference, according to the transcript. The court stated, "The record will show that this is a pretrial conference relative to the above case which is scheduled for trial to a jury," with the attorneys present. The court also stated that it "has been presented with a motion to dismiss by the Defendant [NoDak] on the

grounds that the Complaint failed to state a claim on which relief can be granted and for a more definite statement, and that a counter-motion for summary judgment has been presented by the Plaintiff." The transcript does not disclose if any documents were submitted to the court for consideration and if the court did, in fact, have certain documents under consideration, or who presented such documents. The court in one instance inquired, "Now you haven't gone into the depositions or Interrogatories. Can you point out specifically where there's admission on the part of the Defendant as to the material facts?" Later the court said, "I believe you just filed those with me now, the Interrogatories, right?" Olson responded, "Well I filed a Request for Interrogatories." Mr. Olson stated:

"Mr. Dobrovolny is the one to answer my Interrogatories and failed to file those. These are taken directly out of his Answer."

"THE COURT: I see, they aren't quoted in there, are they?"

.  .  .  .  .

"MR. OLSON: They're quoted in my brief.

"THE COURT: Well, Mr. Dobrovolny, do you wish to respond to Mr. Olson's remarks?"

Rule 56(c), NDRCivP, in part, provides that:

"The motion shall be served at least ten days before the time fixed for the hearing."

The motion for summary judgment by Albers did not comply with the ten days' notice requirement.

Rule 6(d), NDRCivP, provides, in part, that:

"A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court.  .  .  ."

This court, regarding motions to dismiss, in *Gibbs v. Jacobsen*, 136 N.W.2d 550 (N.D. 1965), said:

"The motion to dismiss a complaint for failure to state a claim upon which relief can be granted, where matters outside the pleadings also are presented to the court, shall be treated as one for summary judgment. Rule 12(b), N.D.R.Civ.Procedure. However, no matters outside the pleadings were presented in support of the motion, and therefore the motion cannot be treated as one for summary judgment."

The affidavit in support of the motion to dismiss merely stated that as one of the attorneys for the defendant Mr. Dobrovolny examined the plaintiff's complaint and found it insufficient to establish a claim upon which relief can be granted and that the plaintiff's complaint did not allege any theory entitling him to recover and that defendant could not properly prepare a defense unless made aware of plaintiff's theory of recovery. It is thus readily observed that the affidavit was not one relating to or providing evidentiary facts but was primarily an argument.

NoDak's notice of motion to dismiss contained the following:

"Said motion will be based upon this Notice, the pleadings, records and files herein and any other oral or documentary evidence which may be presented to the Court at the time set for hearing."

Rule 12(c), NDRCivP, provides that:

".  .  . If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Rule 12(b), NDRCivP, also, in part, states:

".  .  . If, on a motion asserting the defense numbered (5) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not

excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

■ NoDak's motion to dismiss gave the required five days' notice, but it is questionable whether the motion for summary judgment by Albers met the notice requirements of either Rule 6(d) or Rule 56(c), NDRCivP. However, a summary judgment may be granted on a motion to dismiss under certain circumstances, as pointed out supra herein, and the trial court may have treated the notice to dismiss as a motion for summary judgment, and because we reverse on other grounds we need not, and do not, decide the notice requirement question, if in fact there is any in this case.

We now address the question whether or not a summary judgment should or should not have been granted and accordingly review the principles of law relating to summary judgment.

■ Summary judgment may be based upon pleadings, depositions, admissions, affidavits and interrogatories and inferences to be drawn therefrom. *Wolff v. Light*, 169 N.W.2d 93 (N.D.1969). Without mentioning the *Wolff* case, Chief Justice Erickstad in *Farmers Elevator Co. v. David*, 234 N.W.2d 26 (N.D.1975), said:

"When the facts may not be in dispute but the inferences reasonably deducible therefrom may be conflicting, summary judgment is inappropriate."

It follows that a summary judgment should be granted only if there is no genuine issue of fact and there is no conflicting inference from the facts. It also appears that whenever the court must make a finding of fact, summary judgment is inappropriate.

■ The Tenth Circuit Court of Appeals in *Lopez v. Denver & Rio Grande Western Railroad Co.*, 277 F.2d 830 (1960), stated it in another way. Summary judgment, like directed verdict, is unwarranted unless the court is convinced from the proof that the jury could arrive at but one conclusion, and if the jury did otherwise the court would be compelled to render judgment notwithstanding the verdict.

Our Court, in *Ray Farmers Union Elevator v. Weyrauch*, 238 N.W.2d 47 (N.D.1975), held that a summary judgment will be granted only if after taking the view of the evidence most favorable to the party against whom summary judgment is sought it appears that there are no genuine issues as to any material fact and that the party seeking summary judgment is entitled to it as a matter of law.

In *Johnson v. Community Development Corporation of Wahpeton*, 222 N.W.2d 847 (N.D.1974), this Court said that although a party moving for summary judgment has the burden of demonstrating clearly that no genuine issue of material fact existed for trial, summary judgment may be granted when no issues of material fact are raised by the adverse party.

The South Dakota Supreme Court, in *Wilson v. Great Northern Railway Co.*, 83 S.D. 207, 157 N.W.2d 19 (1968), said that certain guiding principles on the use of summary judgment have evolved:

"They are: (1) The evidence must be viewed most favorable to the non-moving party [6 Moore's Federal Practice, 2d Ed., § 56.15(3)); Barron & Holtzoff, Rules Ed., § 1235 and cases cited in each text]; (2) The burden of proof is upon the movant to show clearly that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law [*Ramsouer v. Midland Valley R. Co.*, [8 Cir., 135 F.2d 101], supra; *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967]; (3) Though the purpose of the rule is to secure a just, speedy and inexpensive determination of the action, it was never intended to be used as a substitute for a court trial or for a trial by jury where any genuine issue of material fact exists [*Hoffman v. Babbitt Bros. Trading Co.*, 9 Cir., 203 F.2d 636, 637]; (4) A surmise that a party will not prevail upon a trial is not sufficient basis to grant the motion on issues which are not shown to be sham, frivolous or so

unsubstantial that it is obvious it would be futile to try them [*Union Transfer Co. v. Riss & Co.*, 8 Cir., 218 F.2d 553]; (5) Summary judgment is an extreme remedy and should be awarded only when the truth is clear and reasonable doubts touching the existence of a genuine issue as to material fact should be resolved against the movant [*Sarnoff v. Ciaglia*, 3 Cir., 165 F.2d 167]; (6) where, however, no genuine issue of fact exists it is looked upon with favor and is particularly adaptable to expose sham claims and defenses."

With this background, we now examine the pleadings and the record upon which the trial court issued the summary judgment. The complaint made general allegations which the answer generally denied. The deposition of Albers on the disbursement of funds did not eliminate any issues of fact. A number of pertinent questions as to the disbursement of funds, the main point in contention, were left unanswered in the deposition, and those that were answered were controverted by NoDak's answers to the interrogatories. The manner how, the conditions under which, to whom, and when the funds in question were to be distributed remained unresolved. The facts necessary to establish an implied contract between Albers and NoDak with reference to the disbursement of funds were disputed and remained as genuine issues. The answers to the interrogatories raised genuine issues of fact on the distribution of funds which need to be resolved before appropriate principles of law may be applied.

■ The trial court made findings of fact from which we may justifiably infer that the court deemed it necessary to make findings of fact. If the court deemed it necessary to make findings of fact as distinguished from a mere recital of facts, then the issuance of a summary judgment by the trial court was improper.

In this respect the Eighth Circuit Court of Appeals, in *Dulansky, et al. v. Iowa-Illinois Gas & Electric Co.*, 191 F.2d 881 (1951), said:

"The proceeding on motion for summary judgment is in the nature of an inquiry in advance of the trial for the purpose of determining whether there is a genuine issue of fact and not for the purpose of determining an issue of fact. [Citations omitted.]"

It continued by saying:

"*As a summary judgment presupposes that there is no genuine issue of fact, findings of fact and conclusions of law are not required.* It was not the purpose of this rule to require a party to try his case on affidavits with no opportunity to cross-examine witnesses; in fact, only in a rare case can it be determined by affidavit that the evidence available will be such as to entitle the movant, if the case were tried on its merits to a jury, to a directed verdict because that has been no opportunity to cross-examine the witnesses." [Emphasis added.]

We believe these comments accurately set forth the proper rule of law and apply to the instant case. We hasten to add that merely because the trial court made findings of fact is in itself not the reason for our reversal of the judgment.

■ By taking into consideration the pleadings, the depositions, and the answers to the interrogatories, we conclude that there is a genuine issue of material fact remaining, and as such neither party is entitled to a summary judgment as a matter of law. A genuine issue of fact remains, particularly as to the manner in which the funds were to be distributed, and more specifically whether or not the distribution of the funds constituted a bonus, and, if so, was it done in such a manner so as to constitute a contract by implication, which in itself raises a question of fact, if not also an inference. Under the principles of law it was error for the court to issue the summary judgment. We express no views on the merits of either plaintiff's claim or defendant's position.

In *Danks v. Holland*, 246 N.W.2d 86 (N.D. 1976), on page 90, Justice Vogel made reference to *Simon v. Riblet Tramway Co.*, 8 Wash.App. 289, 505 P.2d 1291 (1973), and to *Thatcher v. Wasatch Chemical Co.*, 29 Utah

360

2d 189, 507 P.2d 365 (1973), as cases which involved bonus questions which may be helpful in resolving the implied contract question should it arise as an issue.

The summary judgment is vacated and the case is remanded to Ward County Court with Increased Jurisdiction for trial on the issues of fact and on the merits.

ERICKSTAD, C. J., and PAULSON, PEDERSON and VOGEL, JJ., concur.