**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF BISMARCK, Plaintiff and Appellant,**

v.

**COMPASS INVESTMENTS, INC., R. F. Schirber, A. F. Kosir and John C. Lindsay, Defendants and Appellees.**

Civ. 10150.

Supreme Court of North Dakota.

July 12, 1982.

Rausch & Rausch, Bismarck, and Law Student Lauris Molbert, for plaintiff and appellant; argued by Richard P. Rausch, Bismarck.

Wheeler, Wolf, Peterson, Schmitz, Mc-Donald & Johnson, Bismarck, for defendants and appellees; argued by Albert A. Wolf, Bismarck.

SAND, Justice.

First Federal Savings & Loan Association [Pl. S & L] appealed from a summary judgment of dismissal in an action it brought against Compass Investments, Inc., R. F. Schirber, A. F. Kosir, and John C. Lindsay [Df. guarantors].

On 6 April 1979 Compass Investments, Inc. executed and delivered to plaintiff S & L a promissory note in the amount of $2,812,500 bearing interest at eleven percent per annum and a mortgage on certain real property as security for the note. As part of the transaction, an assignment of rents was made to Plaintiff S & L. The proceeds of the note (loan) were to be used to construct an apartment project consisting of 152 living units with accompanying garages, a swimming pool and an athletic court. On 26 June 1979 a guaranty was executed by R. F. Schirber, A. F. Kosir,

Betty Lovgren and W. F. Bianco, Sr. Later, on 9 April 1980, Compass Investments, Inc., through its president, A. F. Kosir, and John C. Lindsay, individually and as secretary-treasurer of Compass Investments, Inc., were substituted as guarantor for and in place of Betty Lovgren and W. F. Bianco, Sr.

The pertinent provision of the guaranty states:

"NOW, THEREFORE, the undersigned, as guarantors, jointly and severally guaranty to the Merchants National Bank and Trust Company of Fargo and Myron H. Atkinson, Jr. as Co-trustees and for the use and benefit of all persons, firms and corporations interested including First Federal Savings and Loan Association of Bismarck as the named mortgagee, the full completion of said apartment complex above noted pursuant to the plans and representations made; that the undersigned further covenants that the proceeds of the said loan will be disbursed according to the policy and procedure of said lending association and to be used in the construction of the said improvements; that in the event for any reason other than war, strikes, action of the government or circumstances clearly beyond the control of guarantors, the said project is not fully completed by mortgagor then and in that event the undersigned promise and agree to pay any and all costs, expenses, damages and all other expenditures which may be incurred by either the said Trust or the mortgagee in completing the project as above set forth.

"IT IS UNDERSTOOD that this shall be a continuing guaranty and remain in full force and effect until the said project shall be so completed and certified as completed by owner and its architect at which time, after inspection has been had by mortgagee and approved by this guaranty, shall then be deemed terminated and discharged."

After two years from its inception, the project is incomplete, with approximately one-half of the units finished. More than a year has elapsed since any work has been performed. The $2,812,500 obtained as a result of the promissory note and mortgage was fully expended on the project. The approximate sum needed to complete the project is $1,222,000. The plaintiff S & L brought an action against the guarantors for the sum required to complete the project. Discovery proceedings were commenced. Plaintiff S & L moved for summary judgment in its favor based on the pleadings, depositions, and exhibits or in the alternative to strike certain paragraphs from the answer on the grounds that they did not constitute a defense and were immaterial to the issue. A return to the motion for summary judgment was filed, together with counter affidavits of the defendant guarantors and W. F. Bianco, Sr.

After hearing arguments, the court issued its memorandum opinion in which it concluded the pleadings failed to state a cause of action upon which relief could be granted and accordingly dismissed the action of the plaintiff S & L. The plaintiff S & L petitioned for a rehearing which was denied by the court and the judgment of dismissal was issued and entered. Plaintiff appealed to this Court.

The plaintiff S & L on appeal contended that the trial court erroneously concluded that the only obligation of Compass Investments, Inc., was to repay the amount borrowed and mistakenly applied NDCC § 22-01-12, and erroneously concluded that the complaint failed to state a cause of action and, on that basis, dismissed the complaint.

Our primary responsibility is to determine if the complaint states a cause of action.

In *Newman v. Hjelle*, 133 N.W.2d 549, 555 (N.D.1965), this Court said:

"The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

In *Gowin v. Hazen Memorial Hospital Ass'n*, 311 N.W.2d 554, 556 (N.D.1981), we quoted with approval the above statement from *Newman, supra*, and separately stated:

"When determining the sufficiency of a plaintiff's claim, the court should look at the substance of the claim alleged and not merely at the language used. The determination of a claim's sufficiency should be tempered with a liberal construction in favor of upholding the plaintiff's right to be heard."

Applying the above principles to the instant case, we conclude that the complaint states a cause of action and should not have been summarily dismissed.

We also note that Compass Investments, Inc., became a substitute guarantor in addition to being a mortgagor, and promissor of the note, which may have a bearing on the legal effect of the contract of guaranty. See, *Mandan Security Bank v. Heinsohn*, 320 N.W.2d 494 (N.D.1982).

In *Bank of Kirkwood Plaza v. Mueller*, 294 N.W.2d 640, 643 (N.D.1980), we defined a contract of guaranty as follows:

"The contract of a guarantor is his own separate contract. It is in the nature of a warranty by him that the thing guaranteed to be done by the principal shall be done, and not merely an engagement jointly with the principal to do the thing . . . [Citations omitted.] A liability such as this, although it may result in requiring a guarantor to pay the note, is not predicated upon 'the terms of the instrument,' but upon a contract entirely separate and distinct. *Northern State Bank v. Bellamy*, 19 N.D. 509, 125 N.W. 888, 890 (1910)."

See also NDCC § 22–01–01.

In determining the true meaning and effect of a guaranty the courts must necessarily apply the appropriate statutes, Ch. 22–01, NDCC, Guaranty, particularly §§ 22–01–01 through 22–01–06, and the applicable rules of law on contracts. In making these observations, we are not implying that these statutes or principles of law are the only ones that may apply. However, in full recognition of our adversary system in judicial matters, we hesitate to make any further suggestions or observations for fear we might inadvertently render unwarranted aid to one side or the other. Under our adversary system it is up to the parties to bring to the attention of the court the legal concepts and facts that should be considered. Furthermore, our primary function is to review actions taken and any suggestions or observations may well be the equivalent of an advisory opinion on our part, which is not the judicial function of this court. *State v. Meier*, 127 N.W.2d 665, 674 (N.D.1964); N.D.Const. Art. VI, § 10.

From our examination of the record, we doubt the case is appropriate for a summary judgment because findings of fact are necessary to determine the full and true meaning and effect of the action of the parties in relation to the guaranty. *Roeders v. City of Washburn*, 298 N.W.2d 779 (N.D.1980); *Albers v. Nodak Racing Club, Inc.*, 256 N.W.2d 355 (N.D.1977).

The case is remanded for a trial on the merits and the holding of an evidentiary hearing for the purpose of receiving such appropriate and competent evidence as the parties may wish to present.

PAULSON and PEDERSON, JJ., and MUGGLI, Surrogate Judge *, concur.

VANDE WALLE, Acting Chief Justice, concurring specially.

I agree there may be findings of fact necessary to determine the full and true meaning and effect of the action of the parties in relation to the guaranty which would make summary judgment inappropriate in this instance. The majority opinion refers to the decision in *Mandan Security Bank v. Heinsohn* as possibly having a bearing on the legal effect of the contract of guaranty. Insofar as that decision may be applicable, I adhere to my dissent in that case.

* Muggli, Surrogate Judge, sitting in place of Erickstad, C. J., disqualified.