**FIRST NATIONAL BANK OF HETTINGER, a national banking corporation, Plaintiff and Appellee,**

v.

**Cecil R. CLARK and Alice E. Clark, Defendants and Appellants.**

**Civ. No. 10338.**

Supreme Court of North Dakota.

April 14, 1983.

---

Lamb, Schaefer, McNair, & Larson, Fargo, for plaintiff and appellee; submitted on brief by Michael D. McNair, Fargo.

Howe, Hardy, Galloway & Maus, Dickinson, for defendants and appellants; submitted on brief by Albert J. Hardy, Dickinson.

SAND, Justice.

The defendants, Cecil R. Clark and Alice E. Clark (Clarks), appealed from a summary judgment in which the district court concluded that the plaintiff, First National Bank of Hettinger (Bank), had priority

among conflicting claims between the Clarks and the Bank in a security interest in the same collateral, and that the Clarks had relinquished any right they had in certain motor vehicles by granting the Bank a release of any security interest in those vehicles.

The Clarks entered into a contract for deed and a security agreement dated 30 March 1976 wherein they sold their business, known as Hettinger Lumber, to a North Dakota corporation known as Hettinger Lumber, Inc. (Hettinger Lumber). A two-page notice of contract for deed was recorded with the register of deeds in Adams County on 24 May 1976. The contract for deed and security agreement granted Clarks a security interest in certain furniture, fixtures, and inventory described in an attached exhibit; however, no financing statement regarding the security interest was ever filed with the register of deeds in Adams County, or with the Secretary of State for North Dakota.

The Bank loaned money to Hettinger Lumber in July 1977 and received a security agreement covering all of its inventory. The Bank filed a financing statement covering its security agreement with Adams County register of deeds and with the Secretary of State for North Dakota in August 1977. In 1980 James and Beverly Mayer became owners of Hettinger Lumber. The Bank again loaned money to Hettinger Lumber in November 1980 and obtained another security agreement, dated 7 November 1980, covering furniture, fixtures, equipment, and inventory. This statement was also filed with the register of deeds of Adams County and with the Secretary of State for North Dakota. At the same time the Bank obtained a release from the Clarks for part of the collateral secured by the

1976 contract for deed and security agreement. The items released coincided with the items secured by the 1976 agreement; however, the security interest in those items had never been perfected by filing. Hettinger Lumber declared bankruptcy and defaulted in its payments to the Bank. The trustee in bankruptcy abandoned the inventory, furniture, equipment, and fixtures of Hettinger Lumber, and the Clarks took possession under their contract for deed.

The Bank commenced an action against the Clarks alleging that the inventory, fixtures, furniture, and equipment of Hettinger Lumber was the Bank's property by virtue of its secured position in those items and praying for immediate possession of that property. The Bank moved for summary judgment.

The district court concluded that the action presented only an issue of priorities under North Dakota Century Code § 41–09–33, which was an issue of law to be decided by the court. The court then noted that the Bank was the first to file and perfect its security interest and had priority pursuant to NDCC § 41–09–33. The district court also concluded that neither party perfected their security interest in the motor vehicles by filing, and that the Clarks, by the partial release, relinquished any interest they had in the motor vehicles. The district court granted the Bank's motion for summary judgment, and the Clarks appealed.

The principle issue raised by the Clarks is whether or not the district court erred in granting summary judgment in favor of the Bank. A closely related subissue raised by the Clarks is whether or not they satisfied the requirements of Rule 56(e), North Dakota Rules of Civil Procedure,[1] by setting

1. North Dakota Rules of Civil Procedure 56(e) provides as follows:
    "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served

therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a

forth specific facts showing there was a genuine factual issue for trial.

Summary judgment is a procedural device available for promptly and expeditiously disposing of a controversy without a trial if there is no dispute as to either the material facts or the inferences to be drawn from the undisputed facts, or whenever only a question of law is involved. *Herman v. Magnuson,* 277 N.W.2d 445 (N.D.1979); *Zuraff v. Empire Fire and Marine Insurance Co.,* 252 N.W.2d 302 (N.D.1977).

■ In considering a motion for summary judgment the Court may examine the pleadings, depositions, admissions, affidavits, and interrogatories, and inferences to be drawn therefrom, to determine whether or not summary judgment is appropriate. *Albers v. Nodak Racing Club, Inc.,* 256 N.W.2d 355 (N.D.1977).

■ Summary judgment is inappropriate if either party is not entitled to judgment as a matter of law or if reasonable differences of opinion exist as to the inferences to be drawn from undisputed facts. *Helbling v. Helbling,* 267 N.W.2d 559 (N.D.1978); *Farmers Elevator Co. v. David,* 234 N.W.2d 26 (N.D.1975).

■ Even when factual disputes exist between the parties, summary judgment is appropriate if the law is such that the resolution of the factual dispute will not change the result. *Sande v. City of Grand Forks,* 269 N.W.2d 93 (N.D.1978). In those instances the disputed facts are not in essence material facts.

■ On appeal from a summary judgment, we view the evidence in the light most favorable to the party against whom the summary judgment was granted. *Winkjer v. Herr,* 277 N.W.2d 579 (N.D. 1979).

■ A party resisting a motion for summary judgment has the responsibility of presenting competent admissible evidence by affidavit or other comparable means, NDRCivP 56(e); *Spier v. Power Concrete, Inc.,* 304 N.W.2d 68 (N.D.1981); and, if appropriate, drawing the court's attention to evidence in the record by setting out the page and line in depositions or other comparable document containing testimony or evidence raising a material factual issue, or from which the court may draw an inference creating a material factual issue.

■ In summary judgment proceedings the trial court has no legal obligation, judicial duty, or responsibility to search the record for evidence opposing the motion for summary judgment. This principle and legal concept applies equally well, or more so, to appellate proceedings involving an appeal from the granting of a summary judgment for the further reason that the appellate court, except for jurisdictional matters and taking judicial notice, generally considers only those issues raised in the trial court.

The Clarks' answer essentially alleged that they were the owners of the inventory, furniture, fixtures, and equipment by virtue of cancellation of the contract for deed and that the Bank was estopped from claiming the property because of its knowledge[2] of the contract for deed. The Clarks also alleged that they entered into the release of a portion of the collateral at the request of and based upon representations by the Bank. The Clarks' answer did not allege bad faith or lack of good faith on the part of the Bank.[3]

The Clarks' *brief* in opposition to the Bank's motion for summary judgment pri-

genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

2. In *Production Credit Assn of Minot v. Melland,* 278 N.W.2d 780 (N.D.1979), we essentially stated that knowledge of a prior unperfected security interest was not sufficient to mitigate the uniform commercial code's priority provisions.

3. We are not suggesting that such an allegation would have changed the result reached in this case. We have acknowledged that mere allegations in a complaint do not necessarily guarantee a trial on those allegations. *See, Fortier v. Traynor,* 330 N.W.2d 513 (N.D.1983); *DeLair v. County of LaMoure,* 326 N.W.2d 55 (N.D.1982).

marily contends that "by virtue of their Contract for Deed and Security Agreement coupled with the bad faith and knowledge on the part of the Plaintiff [Bank] that the Defendants [Clarks] are entitled to possession of all of the property and that their security interest is prior to that of the Plaintiff." The Clarks' *brief* also contains the following two references to "bad faith" by the Bank:

"The determinative issue is, of course, the matter of priority of security interest. This, of course, raises questions concerning the Plaintiff's knowledge of the Clarks' security interest and bad faith on the part of the Plaintiff.

.    .    .    .    .

"The deposition of L.C. Mensing and the Defendant, Cecil R. Clark, show that the Plaintiff did not act in good faith when entering into its security agreements with James Mayer and securing a release by the Defendants of their security interest. Only by a full trial of this issue will all of the evidence of bad faith on the part of the First National Bank of Hettinger be available to this Court so that it can make a full and complete adjudication of this issue. The issue of good faith being a significant issue, the Plaintiff is not entitled to Summary Judgment."

However, the Clarks' brief does not contain any other references to bad faith or lack of good faith by the Bank. The above-quoted statements from the Clarks' motion brief are mere conclusions and not evidence which would support or establish a factual issue.

Furthermore, the portions of the depositions relied upon by the Clarks in their brief to this Court do not raise an issue of fact. The assertions of bad faith are based upon conclusions. In any event, these references were not specifically called to the attention of the lower court.

 Our review of the record reveals that no pertinent evidence resisting the motion for summary judgment was presented to the lower court, which implicitly leaves the presumption that no such evidence exists. The lower court concluded that the evidence submitted in resistance to the motion for summary judgment consisted of mere conclusions which did not establish a factual issue. We agree.

The summary judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, PEDERSON and PAULSON, JJ., concur.