**EVERETT DRILLING VENTURES, INC., Plaintiff and Appellee,**

v.

**KNUTSON FLYING SERVICE, INC., Defendant and Appellant.**

**Civ. No. 10397.**

Supreme Court of North Dakota.

Oct. 4, 1983.

---

* WM. L. PAULSON, J., served as a Surrogate Justice for this case pursuant to Section 27–17–03, N.D.C.C.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for plaintiff and appellee; argued by Claudette M. Abel, Dickinson.

Farhart, Rasmuson, Lian & Maxson, Minot, for defendant and appellant; argued by Steven C. Lian, Minot.

PEDERSON, Justice.

This is an appeal by Knutson Flying Service, Inc., from a summary judgment awarding $12,075.00 plus interest to Everett Drilling Ventures, Inc. We reverse the judgment and remand for trial on the merits.

Everett and Knutson orally agreed that Knutson would provide flying services to Everett at $375.00 per hour. There is a dispute as to whether or not it was agreed that Everett was to pay for time that a helicopter was held on the ground exclusively for Everett's use.

During the months of July through November 1981, Everett paid Knutson $22,500.00. At $375.00 per hour, this pays for 60 hours. It is undisputed, however, that Everett used only 27.8 hours of actual flying time, at a cost of $10,425.00. Accordingly, Everett claims that it is entitled to a refund of $12,075.00. Knutson, on the other hand, claims that the $12,075.00 should be applied to the "on-ground" time when Everett had exclusive access to the helicopter.

Everett moved for default judgment, or, in the alternative, summary judgment. The trial court concluded that there was no genuine issue as to any material fact and ordered summary judgment in favor of Everett.

The determinative issue raised on appeal is whether or not the affidavit of Ernest Knutson, president of Knutson Flying Service, Inc., sets forth specific facts which raise a material factual issue. Rule 56(e) of the North Dakota Rules of Civil Procedure requires that the party opposing a motion for summary judgment may not rest upon the allegations contained in his pleadings, but must present competent admissible evidence which raises a material factual issue:

"(e) *Form of Affidavits—Further Testimony—Defense Required.* Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

We have recently discussed the requirements of this rule in *First National Bank of Hettinger v. Clark,* 332 N.W.2d 264, 267 (N.D.1983):

"A party resisting a motion for summary judgment has the responsibility of presenting competent admissible evidence by affidavit or other comparable means, NDRCivP 56(e); *Spier v. Power Concrete, Inc.,* 304 N.W.2d 68 (N.D.1981); and, if appropriate, drawing the court's attention to evidence in the record by setting out the page and line in depositions or other comparable document containing testimony or evidence raising a material factual issue, or from which the court may draw an inference creating a material factual issue."

In *First National Bank of Hettinger, supra,* we held that the defendants had failed to raise an issue of material fact where the only mention of the relevant issue, bad faith, was contained in conclusory statements in their brief in opposition to the motion. Their answer did not allege bad faith, and they did not file affidavits in

opposition to the motion. Under those circumstances, we held that the conclusory statements contained in the defendants' brief in opposition to the motion were not evidence which would support or establish a factual issue, and did not satisfy the requirements of Rule 56(e). *Id.* at 267–68.

In the instant case, however, a very different situation is presented. The answer of Knutson alleges that the agreement between the parties required Knutson to make available to Everett exclusive use of the helicopter on days to be specified by Everett, and that the $12,075.00 balance was applied to "on-ground" time when Everett had exclusive access to the helicopter but did not use it. The affidavit of Ernest Knutson, although inartfully drafted, sets forth facts which support an inference that the agreement between the parties required Everett to pay for "on-ground" reserve time. A letter from Everett which was attached to the Knutson affidavit clearly establishes that there was a dispute over the terms of the agreement pertaining to payment for reserve time.

■ In considering a motion for summary judgment, the court may examine the pleadings, depositions, admissions, affidavits, and interrogatories, and inferences to be drawn therefrom, to determine whether summary judgment is appropriate. *First National Bank of Hettinger v. Clark, supra,* 332 N.W.2d at 267; *Spier v. Power Concrete, Inc.,* 304 N.W.2d 68, 72 (N.D.1981); *Albers v. NoDak Racing Club, Inc.,* 256 N.W.2d 355, 358 (N.D.1977). In so doing, the evidence must be viewed in the light most favorable to the party opposing the motion, and he will be given the benefit of all favorable inferences which can reasonably be drawn from the evidence. *Hastings Pork v. Johanneson,* 335 N.W.2d 802, 805 (N.D.1983); *Rice v. Chrysler Motors Corp.,* 198 N.W.2d 247, 253 (N.D.1972). Summary judgment is not appropriate if it appears from the record that there is an unresolved

issue of material fact. *Hastings Pork, supra,* 335 N.W.2d at 805.

■ We are satisfied that the record in this case, when viewed in the light most favorable to Knutson, discloses an unresolved issue of material fact. The judgment is reversed and the case is remanded for trial on the merits.

ERICKSTAD, C.J., SAND and VANDE WALLE, JJ., and PAULSON,* Surrogate Justice, concur.