Verna GOWIN, Plaintiff and Appellant,

v.

HAZEN MEMORIAL HOSPITAL ASSOCIATION, Defendant and Appellee.

Civ. No. 10563.

Supreme Court of North Dakota.

April 24, 1984.

Hagen, Quast & Alexander, Beulah, submitted brief, for plaintiff and appellant.

Richardson, Blaisdell, Isakson & Lange, Hazen, for defendant and appellee; argued by J.C. Blaisdell, Hazen.

SAND, Justice.

Verna Gowin appealed from a summary judgment dismissing her claims against the Hazen Memorial Hospital Association [Hospital] of wrongful demotion, slander, and breach of contract. We affirm.

On 6 May 1980, Gowin was relieved of her duties as head of the laboratory department at the Hospital. She remained as an employee in the laboratory but her salary was not reduced. Bonnie Johnson was appointed to replace Gowin as head of the laboratory. At the time of her demotion, Gowin was 37 years old and Johnson was 23 years old.

Gowin brought suit against the Hospital alleging that she was wrongfully demoted from her position as head of the laboratory and replaced by a younger person, and that her professional reputation was slandered by the wrongful demotion. The Hospital denied the allegations and moved for judgment on the pleadings pursuant to Rule 12(c), N.D.R.Civ.P. The Hospital's motion was granted and Gowin appealed. This Court, after concluding the complaint stated a cause of action, reversed and remanded for further proceedings. *See Gowin v. Hazen Memorial Hospital Ass'n*, 311 N.W.2d 554 (N.D.1981).

Discovery was thereafter conducted through the use of interrogatories and depositions. On 30 September 1982, the Hospital moved for summary judgment. In support of the motion, the Hospital offered affidavits of Johnson, counsel for the Hospital, and Clarence Lee, administrator of the Hospital. Johnson stated that she had nothing to do with Gowin's demotion and that she "at no time ... uttered 'to the public generally' anything with regard to the hospital lab or its personnel." Lee stated essentially that he removed Gowin as head of the laboratory because of "numerous problems and deficiencies" which occurred while the laboratory was under her supervision, and which continued despite his warnings. He further stated that he took no cognizance of the relative ages of Gowin or her replacement. Lee also stated that any conferences concerning Gowin's capabilities in the performance of her duties were conducted in private with Gowin on hospital premises, except on one occasion when Johnson, who was head of the laboratory at the time, was present.

Gowin responded to the motion with only a brief setting forth general rules of law and claiming "[d]emoting Verna and saying that she cannot perform the duties as head of the department" constituted slander as defined in § 14–02–04(3), N.D.C.C.

The district court, in order to allow further time for discovery purposes, on 15 December 1982, denied the summary judgment motion.

On 17 April 1983, the Hospital renewed its motion for summary judgment on the wrongful demotion and slander counts. The Hospital supported its motion with the affidavits submitted with the prior motion. Gowin's return to the motion for summary judgment requested the district court to deny the motion "based upon the Brief which was presented to the Supreme Court, when the Motion was made for Judgment on the pleadings." We do not find in the

record certified to this Court that a copy of that brief was provided to the district court. The return was also based on an affidavit of Gowin and "upon all of the pleading [*sic*] and documents which are a part of this file." Gowin's affidavit stated:

"That when your affiant was demoted by the Administrator of the Hazen Memorial Hospital Association, she was given no reason whatever for the demotion, nor was your affiant informed in any manner that her work had not been acceptable up to that point, and your affiant believes that the only reason she was demoted was because she was older than Bonnie Johnson, the head of the department who replaced your affiant.

"That the qualifications of the said Bonnie Johnson are not as good as those of your affiant and that your affiant had a great deal more experience working in a laboratory and being an actual head of the laboratory than Bonnie Johnson did.

"That your affiant had a written contract with the Hazen Memorial Hospital Association wherein she was hired to be head of the laboratory department, and she was bound by the handbook of the Hazen Memorial Hospital Association, which required that if she were going to quit as head of the laboratory department, she would have to give four weeks' notice, but that when she was replaced as head of the laboratory by the administrator, she was given no prior notification, but was summarily and immediately replaced."

Gowin also made a motion to amend her complaint to allege breach of contract.

The district court granted the Hospital's motion for summary judgment dismissing the wrongful demotion and slander counts but granted Gowin's motion to amend her complaint. Gowin amended the complaint by alleging breach of contract.

The Hospital again moved for summary judgment on the breach of contract count on 13 June 1983. Gowin responded with a one-page document claiming that certain unspecified provisions in the Hospital's Employee Manual required the Hospital to give her a four-week notice prior to the demotion. The Hospital supported the motion with a brief and an affidavit of Lee claiming that nothing in the manual required any notification whatsoever in the event of a demotion.

The district court granted the Hospital's motion, and judgment dismissing all three counts of Gowin's complaint and amended complaint was entered on 8 September 1983. Gowin appealed from that judgment.

Before considering whether or not summary judgment was appropriate in this case, we first consider Gowin's contention that the district court erred in limiting the scope of discovery she was allowed to conduct involving the records of the Hospital.

Gowin issued a subpoena duces tecum to the Hospital administrator ordering him to produce all tax forms and information used to complete the forms for the years 1977 through 1981, records of all employees demoted or terminated since 1976, the written policies of demotion and termination the Hospital has used since 1976, all salary schedules since 1976, the written policy and job description and procedures for reviewing qualifications of department heads since 1976; records of all personnel working with or supervised by Gowin since 1976, tape recordings of any recorded conversations involving the Hospital and Gowin, all written documents concerning Gowin's demotion, and all of Johnson's records since she was hired by the Hospital.

The Hospital responded with a motion to quash or modify the subpoena duces tecum pursuant to Rule 45(b), N.D.R.Civ.P., and for a protective order pursuant to Rule 26(c), N.D.R.Civ.P. The record reveals that the district court did not rule on this motion until it issued its order denying the Hospital's first motion for summary judgment on 15 December 1982. In that order, the district court stated:

"The plaintiff will be given until Mar. 31, 1983, to engage in discovery regarding the issue of age. Discovery should be confined to this issue except as mutually agreed by the parties or as broadened by the court upon motion...."

Gowin thereafter requested the district court to reconsider its decision and expand the scope of discovery and allow her until the end of April 1983 to complete discovery. The motion to reconsider was denied on 28 January 1983.

Gowin on appeal argued in effect that the trial court erred in not allowing her discovery of the items listed in the subpoena duces tecum. However, the district court's order limiting discovery to the relatively broad "issue of age" did not per se deny Gowin the right to discover the items sought in her subpoena duces tecum. All of the items sought by Gowin, with the possible exception of the Hospital's tax records, touch at least peripherally on the issue of whether or not Gowin was wrongfully demoted because of her age.

Apparently, the Hospital did not comply with the subpoena duces tecum, at least not to the extent desired by Gowin. However, the record does not reflect that Gowin moved for an order compelling compliance pursuant to Rule 37, N.D.R.Civ.P., or for an order broadening the scope of discovery as provided by the district court's original order of 15 December 1982.

We now turn to the limitations on the subpoena duces tecum the only issues on which Gowin conceivably could complain. They are: the district court's apparent disallowance of discovery of the Hospital's financial records; and the district court's limitation of the time period in which Gowin could conduct discovery.

Initially we note that a trial court has broad discretion in regard to the scope of discovery. *Gerhardt v. D.L.K.*, 327 N.W.2d 113, 114 (N.D.1982). Gowin argued that the tax records were necessary to show whether or not the Hospital was financially sound. Pretrial discovery of a defendant's financial condition is generally not available to a plaintiff who seeks to recover only compensatory damages, as opposed to exemplary or punitive damages. *See Doak v. Superior Court For County of Los Angeles*, 257 Cal.App.2d 825, 65 Cal.Rptr. 193 (1968); Annot., 27 A.L.R.3d 1375 (1969). We agree with this concept.

In view of the fact that Gowin's complaint seeks only compensatory damages, and the fact that the date set by the trial court for completion of discovery was almost a year and a half after our Court reversed and remanded this case, we conclude that the trial court did not abuse its discretion.

We next determine whether or not summary judgment was properly granted on Gowin's claims of wrongful demotion, slander, and breach of contract.

The purpose of summary judgment is to promote the expeditious disposition of a legal conflict on its merits, without a trial, if no dispute as to material facts or inferences to be drawn therefrom exists or whenever only a question of law is involved. *Pioneer Credit Co. v. Medalen*, 326 N.W.2d 717, 718 (N.D.1982); *Breene v. Plaza Tower Ass'n*, 310 N.W.2d 730, 733 (N.D.1981).

Summary judgment is inappropriate if either party is not entitled to judgment as a matter of law or if reasonable differences of opinion exist as to the inferences to be drawn from undisputed facts. *Johnson v. Haugland*, 303 N.W.2d 533, 537 (N.D.1981). However, even if factual disputes exist between the parties, summary judgment is appropriate if the law is such that the resolution of the factual dispute will not change the result. *Spier v. Power Concrete, Inc.*, 304 N.W.2d 68, 72 (N.D. 1981). Such facts in essence are not material facts. *Spier, supra.*

The court may consider the pleadings, depositions, admissions, affidavits, and interrogatories to determine whether or not summary judgment is appropriate. *Albers v. NoDak Racing Club, Inc.*, 256 N.W.2d 355, 358 (N.D.1977). On appeal from a summary judgment, the evidence is viewed in the light most favorable to the party against whom the summary judgment was granted. *Erickson v. Farmers Union Mut. Ins. Co.*, 311 N.W.2d 579, 580 (N.D.1981).

Of particular relevance in this case are our comments in *First Nat. Bank*

*of Hettinger v. Clark*, 332 N.W.2d 264, 267 (N.D.1983):

> "A party resisting a motion for summary judgment has the responsibility of presenting competent admissible evidence by affidavit or other comparable means, NDRCivP 56(e); *Spier v. Power Concrete, Inc.*, 304 N.W.2d 68 (N.D. 1981); and, if appropriate, drawing the court's attention to evidence in the record by setting out the page and line in depositions or other comparable document containing testimony or evidence raising a material factual issue, or from which the court may draw an inference creating a material factual issue.
>
> "In summary judgment proceedings the trial court has no legal obligation, judicial duty, or responsibility to search the record for evidence opposing the motion for summary judgment. This principle and legal concept applies equally well, or more so, to appellate proceedings involving an appeal from the granting of a summary judgment for the further reason that the appellate court, except for jurisdictional matters and taking judicial notice, generally considers only those issues raised in the trial court."

*See also Umpleby v. State*, 347 N.W.2d 156 (N.D.1984).

A review of the record in this case reveals that Gowin failed to comply with her responsibility, in responding to the various motions for summary judgment by not drawing to the attention of the district court, and this Court,[1] the evidence in the record which would have raised a material factual issue. Gowin's oblique reference in her motion brief to "all of the pleadings and documents" in the file is clearly insufficient to meet the requirement set forth in *Clark*. No pertinent evidence resisting the various motions for summary judgment was presented to the lower court supporting Gowin's claims. This implicitly leaves the presumption that no such evidence exists. *Clark, supra*, 332 N.W.2d at 268.

We nevertheless have reviewed the record in this case and conclude that the district court did not err in granting the Hospital's motions for summary judgment on all three counts of Gowin's complaint.

 Gowin's claim of wrongful demotion is premised on § 34–01–17, N.D.C.C.[2] The Hospital argues that this statute does

---

1. Other actions of Gowin's counsel, who submitted this case on brief, also exhibit the failure to meet this responsibility. The Hospital states in its brief that it was not served a designation of the parts of the record to be included in the appendix as required by Rule 30(b), N.D.R. App.P., in the absence of a written agreement between the parties. However, the Hospital has not urged that we dismiss the appeal on this basis. *See Matter of Estate of Raketti*, 340 N.W.2d 894, 897–898 (N.D.1983).

The appendix to Gowin's brief does not contain, among other relevant items, copies of the original summons and complaint, some of the memorandum decisions and orders of the district court, and Gowin's responses to the various motions for summary judgment. Prior to oral arguments, the Clerk of this Court, on our behalf, wrote Gowin's counsel requesting a supplemental appendix including these items and "copies of any documents which may be of assistance to the Court when it considers the appeal." Gowin's counsel responded as follows:

> "In the prior appeal that went to the North Dakota Supreme Court in the above entitled action, the material you have requested in a supplemental appendix was included. I would, therefore, ask you to use that appendix."

This type of response is inadequate not only because most of the items requested in regard to the various summary judgment motions obviously were not in existence at the time the judgment on the pleadings was reversed by this Court and therefore could not have been included in the appendix filed in the prior appeal, but because it reflects a total disregard for the proper functioning of this Court in the appellate review process.

2. Section 34–01–17, N.D.C.C., provides:

> "*34–01–17. Unlawful to discriminate because of age—Penalty.* No person carrying on or conducting within this state any business requiring employees shall refuse to hire, employ, or license, or shall bar or discharge from employment, any individual solely upon the ground of age; when the reasonable demands of the position do not require an age distinction; and, provided that such individual is well versed in the line of business carried on by such person, and is qualified physically, mentally, and by training and experience to satisfactorily perform the duties assigned to him or for which he applies. Nothing herein shall affect the retirement policy or system of any employer where such policy or system is not merely a subterfuge to evade the purposes

not serve as the basis for a civil action because it specifically provides for a criminal penalty only. Dismissal or demotion because of age is not a derivation of common law tort, but assuming *arguendo* that § 34-01-17, N.D.C.C., provides the basis for Gowin's wrongful demotion claim,[3] we conclude that no genuine issue as to any material fact was presented to support this claim.

 Gowin's statements in her affidavit to the effect that she "believes" that the only reason she was demoted was because she was older than Johnson and that Johnson's qualifications are "not as good" as her own are mere conclusions and not evidence which would support or establish a factual issue. In her brief to this Court, Gowin claims as "objective evidence of age discrimination" that she is in fact older than Johnson and that she was never informed of her impending demotion or that her failure to comply with documentation requirements would result in a demotion. These contentions are clearly insufficient to raise an issue of fact as to whether or not Gowin was demoted solely because of her age. *Cf. Wadeson v. American Family Mut. Ins. Co.,* 343 N.W.2d 367, 373 (N.D. 1984).

 The same can be said for Gowin's claim that she was somehow slandered as defined in § 14-02-04(3), N.D.C.C.[4] Gowin's only affidavit in response to the motions for summary judgment contains no reference whatsoever to this allegation. Our search of the record does not reveal

that Gowin presented any competent evidence of the specific contents of the statement she claims has slandered her.[5] In her brief to this Court, she claims that "[t]he Hospital, *by taking the action of demoting Verna Gowin,* informed staff physicians, pathology consultant incorporated, the other heads of the other departments of the Hospital, Laura Engebretson, Jackie Nelson, and Becky Eide that Verna Gowin was not fit to be head of laboratory of the Hospital." [Emphasis added.] Apparently, Gowin relies upon the mere fact of the demotion itself as evidence of slander. However, the demotion was not false and any inferences which may have been drawn by third parties as a result of the demotion does not make the demotion itself slanderous. Counsel has not provided us with any authority to support this novel argument. We believe Gowin's contention· is without merit and warrants no further discussion.

Finally, Gowin contends that the Hospital breached its contractual relationship with her because it did not give her a four-week notice prior to her demotion. She apparently relies on the following provision in the Hospital Employee Manual:

"EMPLOYEE RESIGNATIONS

\* \* \* \* \* \*

B. Department heads and registered nurses are expected to give four weeks notice."

Gowin contends that this provision constitutes an implied agreement that the Hospital must give a department head a four-week notice prior to a demotion.

---

of this section. Any person who violates any of the provisions of this section shall be guilty of a class B misdemeanor."

**3.** A civil cause of action based on age discrimination has been specifically provided by the 1983 Legislature in its enactment of Chapter 14-02.4, N.D.C.C. *See* Ch. 173, 1983 S.L. In this opinion we do not construe the meaning or effect of the 1983 enactment.

**4.** Section 14-02-04(3), N.D.C.C., provides:
"*14-02-04. ·Civil slander' defined.* Slander is a false and unprivileged publication other than libel, which:
\* \* \* \* \* \*
3. Tends directly to injure him in respect to his office, profession, trade, or business,

either by imputing to him general disqualifications in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits; ..."

**5.** In an answer to one of the Hospital's interrogatories, Gowin makes vague references to certain "criticisms" regarding her job performance and "numerous statements about my abilities to perform my work all of which were untrue." We believe these references are insufficient to constitute competent evidence of the specific contents of any slanderous statement or statements. In any event, these references were not specifically called to the attention of the district court. *See Clark, supra,* 332 N.W.2d at 268.

The construction of a written contract to determine its legal effect is a question of law for the court to decide. *Ray Co., Inc. v. Johnson*, 325 N.W.2d 250, 251–252 (N.D.1982). Assuming that the Employee Manual was part of Gowin's employment contract, we conclude, as did the district court, that the above-quoted provision did not result in a reciprocal obligation on the part of the Hospital to give Gowin a four-week notice prior to her demotion. In any event, the provision relates to termination of the employment relationship rather than to demotion.

We conclude that the evidence submitted in resistance to the motions for summary judgment did not establish any material factual issues and that the district court did not err in dismissing all three counts of Gowin's complaint. Accordingly, the summary judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE and PEDERSON, JJ., concur.

GIERKE, J., disqualified himself after oral argument and did not participate in the decision.