Arlin LUND, Plaintiff and Appellant,

v.

NORTH DAKOTA STATE HIGHWAY DEPARTMENT, Walter Hjelle, State Highway Commissioner, Officer Steven Kenner, and Deputy Raymond Dingeman, Defendants and Appellees.

Civ. Nos. 11365, 11387.

Supreme Court of North Dakota.

March 27, 1987.

Fintan L. Dooley, Bismarck, for plaintiff and appellant; submitted on brief.

Myron E. Bothun, Asst. Atty. Gen., Bismarck, for North Dakota State Highway Department and Walter Hjelle, State Highway Commissioner; submitted on brief.

Hugh P. Seaworth, City Atty., Bismarck, for Officer Steven Kenner; submitted on brief.

Lawrence A. Dopson, of Pearce & Durick, Bismarck, for Deputy Raymond Dingeman; submitted on brief.

VANDE WALLE, Justice.

Arlin Lund appealed from the order of the district court of Burleigh County which denied his application for a writ of mandamus, and from orders dismissing his complaint. We granted a motion for consolidation of the appeals and we affirm the orders and judgment.

Lund was arrested on March 30, 1986, and charged with the offense of driving a vehicle while under the influence of intoxicating liquor. Lund requested a hearing before the State Highway Commissioner, but his request was denied because it was not made within the five-day statutorily prescribed period following his arrest.

On July 21, 1986, Lund commenced an action against the defendants. He claimed that he had been misled by law-enforcement officers and by the language of the temporary operator's permit which was issued to him and as a result failed to timely request a hearing. Lund asserted that at the hearing he would have rebutted contentions that he was driving while intoxicated. He requested several forms of relief, including: requiring the Highway Commissioner to issue him a license or grant a hearing; declaring that the provisions of the temporary operator's permit were not sufficient notice and thus violated his due-process rights; and awarding Lund damages equal to the increased cost of automobile insurance resulting from the suspension of his license. The defendants filed motions to dismiss and the trial court granted a summary judgment of dismissal to each of the defendants based upon Lund's failure to state a claim upon which relief can be granted.

On August 28, 1986, Lund applied for a writ of mandamus to require the Highway Commissioner to grant him an administrative hearing. Lund based his application on a claim that law-enforcement officers had intentionally misled him and caused him to fail to timely request a hearing. The trial court denied his application, stating that Lund had failed to state a claim upon which relief can be granted.

On appeal, Lund asserts that the trial court erred by:

1.  denying his application for a writ of mandamus; and

2.  dismissing by summary judgment his claim against each of the defendants.

We consider first Lund's claim that the trial court erred when it denied his application for a writ of mandamus.

In order to show that he is entitled to a writ of mandamus from the courts, the plaintiff must show that he has a clear legal right to the relief which he is seeking. *Webster v. Bismarck Public Sch. Dist. No. 1,* 321 N.W.2d 98 (N.D.1982). In *Lee v. Walstad,* 368 N.W.2d 542, 545 (N.D.1985), we set forth the standard of review when examining a denial of a writ of mandamus:

"A writ of mandamus will not lie ... unless the plaintiff's legal right to the performance of the particular act sought to be compelled by the writ is clear and complete, and we will reverse the trial court's denial of a writ of mandamus only if, as a matter of law, such writ should issue or there is a finding that the trial court has abused its discretion."

Section 32–34–01, N.D.C.C., provides in relevant part:

"The writ of mandamus may be issued by the supreme and district courts to any inferior tribunal, corporation, board, or person to compel the performance of *an act which the law specially enjoins as a duty* resulting from an office, trust, or station, ..." [Emphasis added.]

■ If the Highway Commissioner had a clear legal duty to grant Lund a hearing, a

writ of mandamus may be properly issued to compel such action. Section 39–20–05, N.D.C.C., provides in part that "the commissioner shall afford that person an opportunity for a hearing *if the person mails a request for the hearing to the commissioner within five days after the date of issuance of the temporary operator's* permit." [Emphasis added.] It is clear that Section 39–20–05 creates a legal duty, but it is equally clear that the duty is contingent on the action taken by the driver [Lund]. Before the Commissioner's duty to order a hearing arises, the driver must have timely requested a hearing. Lund received his temporary operator's permit on March 30, 1986. He mailed his request for a hearing on April 7, 1986. Lund did not request a hearing within the five-day statutory period, and thus the Commissioner did not have a clear legal duty to grant a hearing. Cf. *Bjerga v. Maislin Transport and Carriers Ins. Co.*, 400 N.W.2d 99 (Minn.1987).

Lund asserts that the Highway Commissioner should have weighed the equities of the situation and granted a hearing despite the fact that Lund's request was late. Requesting the Highway Commissioner to weigh equities and waive statutory time restrictions implies that the Commissioner had discretion as to whether or not to hold a hearing. If we were to assume, which we do not, that the Commissioner possessed such discretion, Lund nevertheless would not be entitled to the writ because mandamus is not proper to order a discretionary act. *State ex rel. Peterson v. Olson*, 307 N.W.2d 528 (N.D.1981); *City of Fargo v. Cass County*, 286 N.W.2d 494 (N.D.1979).

The Highway Commissioner did not have a legal duty to grant Lund a hearing and therefore the trial court did not abuse its discretion in refusing to issue the writ, nor has Lund shown that he was entitled to a writ of mandamus as a matter of law.[1]

We now turn to Lund's claim that the trial court erred in dismissing, by summary judgment, his complaint against the various defendants because he failed to state a claim upon which relief can be granted.

Summary judgment should be granted only if, viewing the evidence in a light most favorable to the party against whom summary judgment is sought, it appears that there is no genuine issue as to any material fact, and that the party seeking it is entitled to summary judgment as a matter of law. *Greenwood v. American Family Ins. Co.*, 398 N.W.2d 108 (N.D.1986). Summary judgment is proper, even if factual disputes exist between the parties, if the law is such that resolution of the factual dispute will not alter the result. *First Nat. Bank of Hettinger v. Clark*, 332 N.W.2d 264 (N.D. 1983). Thus, accepting Lund's version of the facts as true, as we must, are the defendants still entitled to dismissal of Lund's complaint as a matter of law? *Everett Drill. Vent. v. Knutson Flying Serv.*, 338 N.W.2d 662 (N.D.1983); *O'Connell v. Entertainment Enterprises*, 317 N.W.2d 385 (N.D.1982).

Lund submitted an affidavit in which he set forth his version of the conversation between him and the law-enforcement officers. For the purposes of our review of the summary judgment of dismissal, we must accept Lund's allegations regarding the statements of the officers.[2]

---

1. The Commissioner and the Highway Department also raise in their brief the fact that mandamus is not available because Lund had the right to appeal the denial of an administrative hearing. Section 32–34–02, N.D.C.C., provides that a writ of mandamus "must be issued in all cases when there is not a plain, speedy, and adequate remedy in the ordinary course of law." We have held that a writ of mandamus should not be issued if "there is an appeal available from an adverse decision of an administrative agency." *Newman Signs, Inc. v. Hjelle*, 300 N.W.2d 860, 862 (N.D.1980). Although we do not determine whether or not Lund had the right to appeal the Commissioner's denial of a hearing, we note that Section 39–20–06, N.D. C.C., provides that a person whose operator's license has been suspended by the *decision* of the hearing officer may appeal within seven days after the date of the *hearing* as shown by date of the hearing officer's *decision*.

2. All material within quotation marks, including bracketed comments and added emphasis, are as set forth by Lund in his affidavit.

Officer (when giving Lund his temporary operator's permit): "Here's your drivers pass; it will keep your drivers license [in effect] and serve as your license for 20 days while you are waiting for Court."

Lund: "Will there be any restrictions on it?.... Like for night driving or for work?"

Officer: "They are the same as a regular license and will go [expire] to the 19th of April."

Lund: "After that time is over [has expired] if the Court is not finished what do I do?"

Officer: "I would have to take it up with someone at the Drivers License Division."

Later, Lund again asked both officers if there would be any restrictions or problems, or what he would have to do to keep his privileges to drive, and the officer simply told him to take the temporary permit.

Lund states that when he asked what he would do when the 20 days [period for which temporary permit was in force] ran out, the deputy stated:

"*I'm not sure how that works.* You'll have to talk to somebody at the Drivers License Division."

Lund claims that these statements by the law-enforcement officers constitute "negligent misrepresentation, misleading speech."[3] It is evident that the officers did not misspeak regarding Lund's proper course of action, and did not speak in a manner that was misleading. Lund was informed that he should take up any further questions he had with the Drivers License Division. He did not do so but asserts that the officers should have either said nothing in response to his questions, or said only that they were not attorneys but police officers. It appears that Lund is complaining that the officers were too help-

ful. He seems to be alleging that the officers acted improperly because they told him some facts regarding his temporary permit, but failed to make it clear enough to him that he had only five days in which to request a hearing.

We have not previously held, and refuse to so hold today, that a police officer must affirmatively act to ensure that the driver understands the time limit involved in requesting a hearing. Lund concedes that he was issued a temporary operator's permit. That permit contains the following statement in capital letters and bold print: "ATTENTION: IMPORTANT INFORMATION ON YOUR DRIVING PRIVILEGES CONTAINED ON THE REVERSE OF THIS FORM." Also on the face of the temporary permit is the following statement, in bold print: "If you do not make a timely written request for a hearing, this notice is the commissioner's order of suspension/revocation of your driving privileges." If Lund was truly concerned about his driving privileges, he should have then looked, as he admits he did, on the reverse side as instructed, where the following statement appears: "You may request a hearing concerning the suspension or revocation of your operator's license. Hearing requests must be in writing and be mailed within five days of the date of issuance of the temporary operator's permit."

The officers' statements were not misleading. The officers referred Lund to the Drivers License Division.[4] Lund had a duty to read, or at least it was in his best interest to read, the temporary permit. If he did not understand his rights, or how he should have proceeded, he then could have retained an attorney or contacted the Drivers License Division. He failed to contact an attorney until after the five-day period for requesting a hearing had expired, and

---

**3.** Lund neither discusses the doctrine of negligent misrepresentation nor attempts to show that the officers' comments fit within that doctrine. See *Restatement (Second) of Torts* § 552 (1977). We have not previously determined the required elements of negligent misrepresentation, and do not do so in this case.

**4.** There is also a statement on the reverse side of the temporary operator's permit which instructs the driver to contact the Drivers License Division if additional information is needed, along with an address and telephone number through which inquiries could be directed to the Division.

now seeks to hold the officers responsible for his loss of driving privileges.

Lund had an opportunity to request a hearing, and his failure to do so resulted from, according to Lund, his failure to understand the time limit regarding the request for a hearing. Lund claims the officers misled him.[5] But if Lund's recollection of the officers' comments is correct, the words were nevertheless not actionable as a matter of law. Thus the trial court was correct in dismissing Lund's complaint against all the defendants because it failed to state a claim upon which relief can be granted.[6]

 Lund's claim for damages arises out of his assertion that if he had been granted a hearing, he would have proved that he was not driving while intoxicated. He then states that he therefore would not have had his license suspended and, in turn, his automobile insurance premiums would not have increased. Thus Lund asserts that the officers who allegedly misled him should be liable to Lund for the increased cost of insurance.

Lund apparently misunderstands the scope of the hearing which he was denied. Pursuant to Section 39–20–05, N.D.C.C., the only issues which the hearing officer may consider, when reviewing the potential license suspension for operating a motor vehicle while having a blood-alcohol content of at least ten one-hundredths of one percent by weight, are:

1. Whether the arresting officer had reasonable grounds to believe the person [Lund] had been driving a vehicle in violation of Section 39–08–01 or equivalent ordinance;

2. Whether the person was placed under arrest;

3. Whether the person was tested in accordance with Section 39–20–01 or 39–20–03 and, if applicable, Section 39–20–02; and

4. Whether the test results show the person had a blood-alcohol concentration of at least ten one-hundredths of one percent by weight.

Lund does not allege that he could have shown that any of these issues would have been decided in his favor. As we have stated, Lund alleges only that he could have shown that he was not intoxicated.[7] However, the issue of whether or not Lund was intoxicated would not have been before the hearing officer. Thus, in respect to losses suffered, Lund's complaint also failed to state a claim upon which relief can be granted.

The order denying the application for a writ of mandamus and the orders dismissing the complaint are affirmed.

ERICKSTAD, C.J., and GIERKE, MESCHKE and LEVINE, JJ., concur.

---

5. As we have previously noted, the officers did not have an affirmative duty to ensure that Lund was aware of the five-day limitation on requests for a hearing. We are not confronted with, and thus do not consider, the problem that arises if an officer is specifically questioned regarding the five-day limitation and affirmatively misstates the law.

6. Lund claims that his rights under the North Dakota Constitution were violated because the temporary operator's permit is confusing and thus does not provide sufficient notice. Lund merely sets forth various provisions of the North Dakota Constitution and apparently expects this court to search through the record and applicable caselaw, although he fails to cite any, to discover deprivations of a constitutional magnitude. This is insufficient to raise the State constitutional issues before this court, and we therefore refrain from addressing them. See *Andrews v. O'Hearn*, 387 N.W.2d 716 (N.D. 1986).

7. Lund may have the mistaken expectation that his driver's license could not have been suspended because he was found not guilty in the criminal proceedings arising out of his arrest for driving a motor vehicle while under the influence of intoxicating liquor. But it is not inconceivable that a driver have his license suspended, while he is found not guilty of the criminal charges arising out of the same incident. As we have stated on numerous occasions, the criminal proceedings, and any resulting sanctions, are separate and distinct from the administrative proceedings and their sanctions. See, e.g., *Pladson v. Hjelle*, 368 N.W.2d 508 (N.D.1985); *Asbridge v. North Dakota State Highway Com'r*, 291 N.W.2d 739 (N.D.1980).