**In re Albert W. DUEIS, Debtor.**

**MEDCENTER ONE, INC., Plaintiff,**

**v.**

**Albert W. DUEIS, Debtor, Wayne Drewes, Chapter 7 Trustee, and First Bank of North Dakota, N.A., First Bank Bismarck, Defendants.**

**Bankruptcy No. 90–05953.**

**Adv. No. 91–7014.**

United States Bankruptcy Court, D. North Dakota.

July 8, 1991.

Roger J. Minch, Fargo, N.D., for plaintiff.

LaRoy Baird, Bismark, N.D., for Albert Dueis.

Brian W. Nelson, Fargo, N.D., for debtor.

Kip M. Kaler, Fargo, N.D., for trustee.

Wayne Drewes, Fargo, N.D., trustee.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

This adversary proceeding arises by Complaint of Medcenter One, Inc., a hospital situated in Bismarck, North Dakota (Hospital), seeking a determination that it has a perfected hospital lien for the value of hospital services provided the Debtor, Albert W. Dueis, and that its lien is unaffected by either the event of bankruptcy or section 26.1–41–10 of the North Dakota Century Code.

Trial was held on July 2, 1991. The facts are, for the most part, stipulated to. From the joint stipulation of facts and the evidence produced at trial the material facts are as follows:

## Findings of Fact

The Debtor, Albert W. Dueis, sustained serious injuries arising out of an automobile accident occurring on November 14, 1988. He was admitted as a patient to Medcenter One, Inc. on November 15, 1988, and there received treatment for his injuries which included a punctured abdominal wall, broken ribs, fractured scapula, broken jaw and fractured leg. He remained in the care of the Hospital until his discharge from rehabilitation on February 17, 1989. In consequence of the services rendered by the Hospital, the Debtor incurred bills of $125,259.44.

On February 22, 1989, the Hospital prepared and served a notice of intent to file a hospital lien pursuant to the North Dakota Hospital Lien Statute and on March 10, 1989, it filed a hospital lien statement with the Burleigh County clerk of court. The Debtor concedes he had actual notice of the lien but believes the lien statement, as filed, was deficient.

The lien statement, two pages in length, sets forth the name and address of the Debtor, the date of his admission, the name and address of the person responsible for his injuries, the name of the insurance carrier and the amount claimed. Attached to and made a part of the statement is a 96 page billing statement detailing the precise nature and cost of the services provided. Although the two page lien statement does not itself state the date of discharge, the discharge date is set forth on the upper right hand portion of every page of the itemized billing statement.

On June 24, 1989, the Debtor filed an application for no-fault insurance benefits with CNA Insurance Company and the company issued a check in the sum of $30,000.00 jointly payable to the Debtor and the Hospital. By mutual agreement between CNA and the Debtor, the check was deposited in an interest bearing account with First Bank of Bismarck pending

resolution of the lien dispute. CNA's reluctance to pay the funds over to the Debtor arose in consideration of *Rolla Community Hospital, Inc. v. Dunseith Community Nursing Home, Inc.,* 354 N.W.2d 643 (N.D.1984), a case which held an insurance carrier liable for a hospital lien after it had settled and disbursed funds to the claimant.

In June 1989, the Hospital commenced a state court action against the Debtor for recovery of the unpaid hospital bill. In that case the Debtor moved the state court for an Order releasing the funds on deposit to the extent they were exempt from process under North Dakota Century Code § 26.1–41–10 and § 32–09.1–03.[1] Responding, the Hospital argued that its lien has priority over any other economic loss. Without addressing the applicability of section 26.1–41–10, the District Court for the South Central Judicial District in a one paragraph order entered March 6, 1990, denied the motion for release of funds holding that the no-fault benefits were not exempt from the hospital lien created by North Dakota Century Code ch. 35–18. That case has not been finally adjudicated due to the intervening Chapter 7 petition filed by the Debtor on November 15, 1990.

## Conclusion of Law

### 1.

The Trustee and the Debtor first of all assert that the Hospital's lien statement is invalid due to procedural infirmities in that it failed to include the date of the Debtor's release from the hospital.

Section 35–18–03 of the North Dakota Century Code requires, among other things, that the lien statement:

"(3) The date upon which the injured person was admitted to the hospital and the date of his release, ..."

Although a hospital lien, as with any statutory lien, is purely a creature of statute,

---

1. North Dakota Century Code § 26.1–41–10 provides as follows: An agreement for assignment of any right to non-medical benefits payable in the future is unenforceable. Basic no-fault benefits are exempt from garnishment, attachment, execution, and any other process or claim to the

extent that wages or earnings are exempt under applicable law exempting wages or earnings from process or claims. North Dakota Century Code § 32–09.1–03 is a provision setting forth in detail the maximum portion of disposable earnings that are subject to garnishment.

the clear weight of authority in this and other jurisdictions is that the statutory requirement must be fairly complied with. That is, substantial, rather than strict, compliance satisfies the legislative intent. *Rolla Community Hospital, supra; Spier v. Power Concrete, Inc.,* 304 N.W.2d 68 (N.D.1981); *Southwest Community Health Services v. Safeco Ins. Co.,* 108 N.M. 570, 775 P.2d 1287 (1989); *See:* Annotation, *Construction, Operation, and Effect of the Statute Giving Hospital Lien Against Recovery from Tort Feasor Causing Patients Injuries,* 25 A.L.R.3rd 858 (1969). Although there is perhaps room to argue that the hospital lien statement, in failing to set out the discharge date on its face, did not strictly comply with the statute, such information was readily ascertainable from the attached billing statements and thus the requirement was substantially and fairly complied with. The lien is not invalid on this basis.

2.

North Dakota Century Code § 35–18–01 creating a hospital lien provides as follows:

"Any charitable association, corporation, or other institution maintaining a hospital in this state is entitled to a lien for the reasonable value of hospitalization services rendered to a person injured in any accident. The lien attaches to all claims for relief, claims, demands, and judgments of record on account of the injuries against persons or corporations liable to the injured person in tort for damages occasioned by negligence causing the injuries, and attaches to the proceeds of the settlement of such claims or demands, and to insurance of the tort feasor payable by reason of the liability occasioned by such injury, and to any insurance or indemnity payable to the injured person by any insurer."

The seminal case in this state dealing with hospital liens is *Rolla Community Hosp., supra.* In that case the Supreme Court construed the foregoing section holding that the term "shall be entitled" to a lien creates more than a mere permissive lien and results in the immediate attachment of a lien as soon as the hospital first renders services. Relying upon that case, this court in *In re Smith,* 119 B.R. 714 (Bankr. D.N.D.1990), held that it is the mere furnishing of services that creates the lien and it is either by actual or constructive notice that the lien is perfected.

 The Debtor, placing emphasis on the first portion of the statute asserts that the lien attaches only to claims for relief, claims, demands and judgments recovered on account of the injuries against persons or corporations liable to the injured *in tort* for damages occasioned by negligence causing the injuries, but does not attach to no-fault insurance proceeds. The construction urged by the Debtor is truncated and ignores the broad, all inclusive language of the statute. Quite plainly, the lien afforded by section 35–18–01 attaches not only to all claims arising in tort but also attaches to *"any* insurance or indemnity payable to the injured person by *any* insurer". [Emphasis added.] The foregoing quoted language is inclusive of any insurance from any source including a no-fault insurer's payment. *St. Alexius Hospital v. Eckert,* 284 N.W.2d 441 (N.D.1979), a case cited by the Debtor, is inapplicable to the instant facts. That case did not involve a contest between a hospital lien claimant and a beneficiary of no-fault insurance proceeds. Rather, it was a case dealing with the coordination of benefits provisions of N.D.Cent.Code § 26–41–10(3).

 In this case the court concludes that the Hospital's lien attached and became effective as of November 15, 1988, and is consequently impervious to any attack under section 545 because it was in effect against the Debtor long before he filed for Chapter 7 relief.

3.

Although the Hospital's statutory lien is not voided by virtue of the event of the Chapter 7 filing nor by application of section 522(c) of the Bankruptcy Code, the question remains to what degree its enforceability is impaired by North Dakota's exemption statutes.

Section 26.1–41–10 in relevant part provides as follows:

"... Basic no-fault benefits are exempt from garnishment, attachment, execution, and any other process or claim to the extent that wages or earnings are exempt under any applicable law exempting wages or earnings from process or claims."

The Debtor has claimed the entire no-fault proceeds currently on deposit as exempt pursuant to the foregoing section. This statute, along with a number of others found throughout the North Dakota Century Code affords to an individual a variety of exemptions [2] and the United States District Court for this district has held that a debtor, in electing his state exemptions, may avail himself any or all of the exemptions available under the various state statutes. *In re Hexom*, 50 B.R. 324 (D.C.N.D.1984). Pursuant to *Hexom*, the Debtor is free to claim no-fault benefits exempt to the extent permissible under the applicable statutes pertaining to wages which presumably in this case would reference section 32–09.1–03. Assuming the exemption is properly claimed, the property exempted thereby is no longer property of the estate and issues regarding the enforcement of claims not avoided by specific Bankruptcy Code provisions are better left to state tribunals. While the Hospital's statutory lien is unaffected by the Bankruptcy Code and otherwise remains perfected as against the no-fault benefits, the Hospital's ability to execute on its lien may well be impaired by the event of the exemption since section 26.1–41–10 plainly shields certain limited no-fault benefits from *execution*. Unresolved by this opinion is whether a perfected statutory hospital lien is exempt from this statutory impediment to lien enforcement. *See In re Nelson*, 92 B.R. 837, 842 (Bankr.Minn.1988), where the court held that by accepting treatment a debtor is deemed to have consented to the creation and attachment of a hospital lien which overrides any statutory exemption from state court process to enforce the lien against no-fault benefits.

This issue, however, need not be resolved nor should it be by this court. The issue is not yet ripe for resolution because no state judgment has yet been obtained and no order for execution has issued.

To the extent that the entire no-fault benefits are not properly claimed as exempt, the Hospital's statutory lien has priority over any other claimant including the Trustee and is unavoidable.

In sum, it is this court's opinion that Medcenter One, Inc. has a valid perfected statutory hospital lien in all no-fault insurance benefits, which lien is unaffected by the event of bankruptcy and the Hospital is free to pursue foreclosure of its lien consistent with state law (N.D.Cent.Code § 35–18–06).

SO ORDERED.

JUDGMENT MAY BE ENTERED ACCORDINGLY.

---

**2.** *See e.g.,* N.D.Cent.Code ch 28–22 (general exemptions); 26.1–15.1–18 (fraternal benefit society payments); 26.1–33–36 (life insurance benefits); 37–25–07 (Vietnam veterans bonus); 52–06–30 (unemployment benefits); 65–05–29 (workers compensation benefits).